## CHARLES vs. DUBOSE.

29 367
128 213
128 214

[BILL IN EQUITY AGAINST TRUSTEE FOR ACCOUNT.]

1. *Purchase by trustee at his own sale.*—A purchase by a trustee at his own sale is not absolutely void, but voidable merely at the option of the beneficiaries seasonably expressed ; but this principle, as applicable to sales by executors and administrators, is subject to the qualifications settled by the previous decisions of this court.

2. *Certainty requisite in allegations.*—An allegation in these words : "Your orator further showeth, that said defendant pretends that he has heretofore sold said property, as trustee as aforesaid, and purchased the same at said sale upon his own individual account; but your orator insists, that if such is the case, which he denies, said defendant bought the same at a grossly inadequate price, and it would be contrary to equity and good conscience to maintain the validity of the sale,"—is not equivalent to an averment of the fact that a sale was made.

3. *Decree must pursue pleadings.*—The complainant cannot have a decree which is inconsistent with the allegations of his bill : he cannot have a decree setting aside a sale, when his bill denies that there was any sale.

4. *Cross assignments of error.*—Cross assignments of error will not be considered by the court, except by consent of parties.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellant, Hopkins G. Charles, in November, 1852, to compel a settlement and account of a deed of trust, which was executed by one Isaiah Dubose on the 14th October, 1842, to James H. Dubose as trustee, to protect and secure certain creditors and sureties. Complainant and said James H. Dubose were bound, with others, as sureties for said Isaiah Dubose, on a large debt to Clement D. Wallace, of South Carolina, which was there reduced to judgment, against all the parties except James H. Dubose, before the execution of the deed ; and this was the principal debt secured by the deed. The bill alleged, that the trustee took upon himself the execution of the trust, and possessed himself of all the property conveyed by the deed, which he still retains ; that complainant was compelled, in 1850, to pay about $6,000 in satisfaction of the balance due on said

judgment ; that he afterwards applied to the trustee for
indemnity or reimbursement out of the trust property in his
hands, and that the trustee refused to refund any part of the
money.　The bill also contains the following allegation :—
"Your orator further showeth, that he is informed and
believes, that said James H. Dubose pretends that he has
heretofore sold said property, as trustee as aforesaid, under
and by virtue of the deed, and purchased the same upon his
own individual account ; but your orator insists, that if such
is the case, (which, however, he denies,) said James H. Dubose
bought the same at a grossly inadequate price, and that it
would be contrary to equity and good conscience to maintain
the validity of such sale."　The prayer of the bill is for an
account of the trust, a sale of the property, and for general
relief.

The trustee answered the bill ; admitting the execution of
the deed, and his acceptance of the trust ; alleging that he
sold the property conveyed pursuant to the terms of the deed,
and became himself the purchaser at a full and fair price, and
that he paid out the proceeds of sale as directed by the terms
of the deed.　The answer contains other allegations, and sets
up several distinct defenses, which are immaterial as the case
is here presented.

The chancellor, on final hearing, dismissed the bill; holding,
that the allegations of the bill did not authorize a decree
setting aside the trustee's sale ; and his decree is now
assigned as error.

WM. M. BROOKS, for the appellant.—1. The complainant
bases his right to the relief sought upon the express trust
created by the deed, and not upon the sale made by the
trustee.　The sale is no part of his case ; and, if of any
importance, it appertains to the defense, and should have been
set up and relied on in the answer.　When set up in the
answer, no allegation or prayer touching it is necessary in the
bill, because it presents, *prima facie*, no lawful bar to the
relief sought.　The sale will be set aside, at the mere option
of the *cestui que trust*, without the averment of a single fact
or circumstance against it.　It creates no bar, because it may
be thus set aside.　The trustee cannot, by purchasing the

trust property at his own sale, create an interest in himself
in opposition to the trust. When he buys, he is considered
as having bought for the benefit of the beneficiaries, and in
his character of trustee, and is liable to account as trustee.
He acquires no title to the slaves bought at his own sale:
they must still be regarded as subject to the trusts of the
deed, and he must account for them accordingly.—Andrews
v. Hobson, 23 Ala. 239 ; Montgomery v. Givhan, 24 Ala.
569 ; Cunningham v. Rogers, 14 Ala. 149 ; Harrison v.
Mock, 10 Ala. 194 ; 1 Dan. Ch. Pr. 428-9. Nor does the
trustee say, in his answer, that he bought the property for
himself, and paid the purchase money ; but, on the contrary,
that he expressed a willingness to hold it subject to the trust,
or to permit the complainant to take the property at his bid.

2. What shall be deemed a reasonable time, within which
the *cestui que trust* must apply to set aside a sale and purchase
by the trustee, is not susceptible of any definite rule, but
must depend upon the circumstances of the case, and the
sound discretion of the court. Eleven years have been
deemed a reasonable time.—Butler v. Haskell, 4 Dess. 702.

3. Under the general prayer, any relief may be granted
which is not inconsistent with the case made by the bill.

I. W. GARROTT, with whom were LYON & PRINCE, *contra*,
contended, 1st, that the trustee had such an interest in the
property conveyed by the deed, as authorized him to become
the purchaser at his own sale ; and that his purchase vested
the title in him.— Creagh & Forwood v. Savage, 9 Ala. 963 ;
Johnson v. Johnson, 5 Ala. 92 ; Scott v. Freeland, 7 Sm. &
Mar. 419.

2. That the allegations of the bill did not authorize a
decree setting aside the sale.—Story's Equity Pleadings,
§§ 241, 255, 257 ; Maury v. Mason, 8 Porter, 211.

3. That relief was barred by the statute of limitations and
by lapse of time.—21 Ala. 682 ; 4 Cowen, 717 ; 8 Porter,
211 ; 2 Story's Equity, § 1520.

WALKER, J.—In many of the adjudged cases there may
be found loose expressions, to the effect that the purchases of
trustees are void—that a trustee cannot purchase at his own

sale, and that a purchase by a trustee will be deemed to have been for the benefit of the *cestui que trust;* but the point of law actually recognized and decided in most (if not all) of those cases, is, that the purchases of trustees are voidable at the option of the beneficiary. The law is thus laid down in Campbell v. Walker, 5 Vesey, 680: " Any trustee, purchasing the trust property, *is liable to have the purchase set aside,* if in any reasonable time the *cestui que trust* chooses to say he is not satisfied with it. The trustee *purchases* subject to that equity ; that if the *cestuis que trust* come in a reasonable time, they may call to have the estate resold." The decisions in the cases of Creagh & Forwood v. Savage, 9 Ala. 959, Andrews v. Hobson, 23 Ala. 219, and McLane v, Spence, 6 Ala. 893, most clearly commit this court to the proposition, that such sales are voidable, and not absolutely void. In Beeson v. Beeson, 9 Penn. State Reports, 279, the English and American authorities are ably and elaborately reviewed, and the conclusion is attained, that the trust sale, at which the trustee purchases, is not, *per se,* void. To the same effect is the text in Hill on Trustees, 784. While the doctrine, that the purchase by a trustee at his own sale is simply voidable at the election of the beneficiary seasonably expressed, affords all necessary protection to those for whom he is acting, it is consistent with the other recognized doctrines, that the trustee has no right to abandon the purchase,—that its benefits may be claimed, where its maintenance will favor the interest of the *cestui que trust;* that the court of chancery will uphold the sale, where the beneficiaries have acquiesced for any considerable period ; and that the trustee is entitled to a restoration of the purchase money, and to a reimbursement of money expended in substantial repairs and improvements, where the sale is set aside at the option of the *cestui que trust.*—Hill on Trustees, marg. pp. 536–9.

Where the trustee has sold for an increased price the property purchased by him at his own sale, the law permits the beneficiaries to treat the sale as having been made for their benefit, and to claim the proceeds.—Cunningham v. Rogers, 14 Ala. 147. This principle is not inconsistent with the law as above laid down, but a legitimate sequence from it. It simply asserts the right of the *cestui que trust* to avoid

the purchase by the trustee, and therefore to regard the subsequent sale by him as a sale of trust property.

It is not our purpose to disturb the decisions of this court, in reference to the sales of executors and administrators.— See Andrews v. Hobson, *supra*, and other cases cited. Subject to the exception indicated in those decisions, an exposition of the law, sound and consistent with authority, is found in the proposition, that the purchase by a trustee at his own sale is simply voidable, at the option of the *cestui que trust*, seasonably expressed ; and it is totally immaterial, that the trustee has acted with fairness, and made no profit.

The election of the beneficiary to avoid the trust sale, may, no doubt, be signified by the bill in chancery which seeks to set it aside. But it follows from the view we have taken of the law, that the title vests in the trustee, subject however to be defeated ; and by the purchase the property bought is no more trust property, unless the sale be avoided. The complainant desires the sale to be treated as avoided, and the property brought within the cognizance of the court as trust property, notwithstanding the sale. The decrees of the chancery court must be based upon appropriate pleadings ; and the complainant cannot have a decree setting aside the sale, and holding the trustee responsible for the property bought by him, without the proper allegations in his bill. If the purchase by the trustee was made by the consent of the beneficiaries, or has been ratified by them, the sale would be maintained. Such defensive matter the defendant has no opportunity to set up, unless he is informed by appropriate allegations in the bill, that the sale will be assailed.

The bill does not assert that there was a sale ; but, on the contrary, denies it. Its language is : " Your orator further showeth, that he is *informed and believes*, that said James H. Dubose *pretends* that he has heretofore sold said property, as trustee as aforesaid, under and by virtue of the deed, and purchased the same at said sale upon his own individual account ; but your orator insists, that if such is the case, (which he denies,) the said James H. Dubose bought the same at a grossly inadequate price, and that it would be contrary to equity and good conscience to maintain the validity of the sale." It is no averment of a fact, to say that the complainant

was informed that a sale was made.—Jones v. Cowles, 26 Ala. 614; Reid v. Walker, 18 Ala. 332. Here, the complainant does not even say he was *informed* that a sale was made, but that he was *informed* that the *defendant* so pretended, which complainant *denies*. The proper test of the complainant's right to have a decree avoiding the sale and holding the defendant accountable for the property, is to inquire whether, if the defendant had confessed everything in the bill to be true, the court, looking at the bill and the confession of its truth, could have rendered the decree.— 1 Daniell's Ch. Pl. 425, 412; Pennebacker v. Rochester, 2 A. K. Mar. 315.

We do not mean to decide whether, under an application of the above stated test, the complainant could have a decree setting aside the sale, if the bill had simply said that the defendant pretended there had been a sale, and expressed the election of the compainant that the sale should be set aside if it had been made ; but we are unanimously of the opinion, that a decree setting aside a sale, when the complainant denies that there had been a sale, would involve a total disregard of the rules of pleading and evidence which we have stated above, and would be tantamount to granting relief in opposition to the allegations of the bill.

The chancellor did not err in declining to set aside the sale. There is, therefore, no error in the decree, prejudicial to the appellant, and it must be affirmed, at his costs.

We find upon the transcript a cross assignment of errors by the appellee. There is no consent that we may consider the cross assignment of errors ; nor is there any joinder, from which we could probably imply the consent. In the absence of a consent, we cannot pass upon any errors against the appellee. In every case, in which this court has considered errors assigned by the appellee or defendant in error, it has been by consent.