# Sanders *v.* Askew.

*Bill in Equity to set aside Sale under Mortgage, and for Account and Redemption.*

1. *Purchase by mortgagee at sale under mortgage ; limitation of bill to set aside.*—When a mortgagee becomes the purchaser at his own sale under a power in the mortgage, a bill to set aside the sale, and for a redemption and account, filed nine years and ten months after the sale, comes too late ; and an alleged offer to account by the mortgagee, made two years after the sale, if it can have the effect to keep the mortgage account open, does not obviate the lapse of time.
2. *Same.*—If the sale was made without giving notice as required by the terms of the mortgage, it is void, and the legal relation between the parties remains unchanged; and a bill to redeem would not be barred until the lapse of ten years from the surrender of possession.

APPEAL from the Chancery Court of Marengo.
Heard before Hon. THOMAS COBBS.

The original bill in this case was filed on the 14th November, 1883, by Joseph H. Sanders, against Samuel H. and W. S. Askew, brothers engaged in the mercantile business as partners ; and sought to set aside a sale of certain lands under a mortgage executed by the complainant to the defendants, at which they became the purchasers, and for an account and redemption. The mortgage was dated March 31st, 1871, and was signed by complainant and his wife. It purported to be

28

[Sanders v. Askew.]

given to secure the payment of complainant's promissory note for $2,545.13, of even date with the mortgage, and payable to Askew Brothers on the 1st November, 1871; and conveyed the cotton raised by the complainant during the year 1870, mules, horses and cows, and a tract of land containing 160 acres, on which complainant and his family were then living, and which was a part of section nineteen (19), township sixteen (16), range five (5). The complainant alleged in his bill, that he had business dealings with the defendants' father for many years, and continued his dealings with the defendants, who succeeded their father in business, having great confidence in their integrity; that the mortgage and secured note were brought to him to be signed, by one of the defendants, while he was confined to his bed with serious illness; that he protested against any indebtedness on his part to the amount specified, and insisted that they had not given him credit for cotton received and sold; that the fact was admitted by said defendant, who urged him nevertheless to sign the paper for their accommodation, promising a settlement of their accounts so soon as complainant recovered; and that he signed the note and mortgage under these circumstances, and relying on these promises. It was alleged, also, that the complainant afterwards delivered to defendants twelve or fifteen bales of cotton, to be sold and applied in payment of any balance he might owe them; that the defendants never accounted to him for the proceeds of sale of this cotton, nor for other personal property covered by the mortgage, of which they took possession during a long illness which confined him to his bed for more than eighteen months; that on his recovery, in 1874, he learned that the defendants claimed to have foreclosed the mortgage by sale under the power on the first day of January, 1874, becoming themselves the purchaser at the sale, and had taken possession of the land conveyed by the mortgage, not disturbing him in the possession of the homestead, and also of another tract of land containing 240 acres. The bill alleged, also, that this sale was irregular and void; that no notice of the intended sale was given, as required by the terms of the mortgage; that no person was present at the sale, except the defendants, their clerks, and a few friends; that the price bid was grossly inadequate; that no account of the sale had ever been rendered, and no credit given for the money bid. It was alleged, also, that the defendants, in response to repeated demands for a settlement, made frequent promises, which they broke from time to time; that in April, 1874, defendants instituted suit on the note secured by the mortgage, but, after repeated continuances, the suit was dismissed; and that in October, 1883, in reply to a final

demand for a settlement, defendants proposed to submit the matters of account to arbitration.

The chancellor sustained a demurrer to the bill, on the ground that the claim was barred by lapse of time; and his decree is now assigned as error.

W. M. BROOKS, for appellant.

WATTS & SON, *contra.*

STONE, C. J.—The mortgage in this case was executed in 1871. Taking the averments of the amended bill most strongly against the pleader, they must be interpreted as an admission by Sanders that Askew Brothers sold the land under the mortgage, January 1st, 1874, and became purchasers at their own sale. They immediately took possession, and have held possession ever since. It is averred in the bill that, on two or three occasions, after January, 1874, one of the Askew brothers admitted that the account growing out of the mortgage was unsettled, and expressed a willingness to have the account overhauled, and a proper settlement made. The latest time this agreement is alleged to have been expressed was in the spring of 1876. The original bill in this case was filed in November, 1883—nine years and ten months after the sale under the mortgage, and seven and a half years after the last agreement to come to a settlement is alleged to have been made by Askew. Now, if we concede to this alleged agreement the effect of keeping the mortgage account open, up to the last time it was expressed—April, 1876—the present suit, as a bill to redeem, comes too late, if there is no other infirmity in the sale than the fact that the mortgagees purchased at their own sale. *Robinson v. Cullom,* 41 Ala. 693; *Childress v. Monette,* 54 Ala. 317; *Harris v. Miller,* 71 Ala. 26; *Cooper v. Hornsby, Ib.* 65; *Comer v. Sheehan,* 74 Ala. 452. So, if the mortgage sale under the power was in all things regular, save the one pointed out, it must be declared that it has become valid and binding by lapse of time.

The bill avers, however, that there was no notice given of the time and place of sale, in either of the modes required by the mortgage. If this be true, the sale was void, and did not change the relation of the parties as mortgagor and mortgagee. *Wood v. Lake,* 62 Ala. 489. Ten years is the limitation within which a mortgagor out of possession may be let in to redeem; and according to the averments of the bill, Sanders had not been ten years out of possession when the bill was filed. The demurrer to the amended bill ought to have been overruled.

[Louisville & Nashville Railroad Co. v. Johnston.]

If, as the bill avers, Askew Brothers sold and took possession of land not embraced in their mortgage, they were trespassers, and could have been evicted in a court of law. Chancery can give no relief on this ground.

Reversed and remanded.