105  339
s114  62

# Keith *et al.* v. McLaughlin *et al.*

*Bill in Equity to set aside Sale under a Mortgage, and to be let in to redeem.*

1. *Mortgages; what constitutes default, and authorizes sale.*—Where a mortgage recites in its premises that it was given for the purpose of securing the true and prompt payment on a designated day of a debt evidenced by two promissory notes, one of which is payable on such designated day and the other on a day anterior thereto, and it is provided in its condition that "if default be made in payment of said amount, or any part thereof," then the mortgagee is authorized to foreclose it by sale, the law day of such mortgage, on which a forfeiture can occur, is the day designated in the premises as the day on which the mortgage was given to secure the payment of the debt; and a sale under said mortgage previous to the day so designated is premature and void, notwithstanding one of the notes evidencing the debt was payable anterior to such day.

2. *Same; same; facts of present case.*—Where a mortgage recited in its premises that it was given to secure the true and prompt payment on October 1, 1882, of a debt evidenced by two promissory notes, one of which was payable on October 1, 1881, and the other on October 1, 1882, and it is provided in its condition that "if default be made in the payment of said amount, or any part thereof," then the mortgagee could foreclose it by sale, the law day of said mortgage, on which a forfeiture can occur, was October 1, 1882; and if upon default in payment at maturity of the first note, the mortgage was foreclosed by sale, such sale was premature and void and will be set aside, and the mortgagor be let in to redeem upon a bill filed for that purpose.

[Keith *et al.* v. McLaughlin *et al.*]

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellants, who are the children of Wesley Goodwin, deceased and M. D. Goodwin, against the appellees, on March 8, 1890, to set aside a sale of certain property, of which they claimed to be the owners, and to be allowed to redeem the said property. Upon this appeal, there is, as stated in the opinion, but one question presented; and the facts in reference thereto are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered that their bill be dismissed. Complainants appeal, and assigns this decree of the chancellor as error.

M. M. SMITH, for appellants.—Where an indebtedness secured by a mortgage is payable in instalments, a foreclosure of the mortgage may be had on default in the payment of any one of the instalments at maturity. But where the condition, as expressed in the mortgage, is that the law day of the mortgage is deferred until a certain designated day, the rule is different, and the mortgage can not be foreclosed until after default in the payment of the mortgage debt on such designated day.—*McLean v. Presley*, 56 Ala. 211; *Fulgham v. Morris*, 75 Ala. 255; *Johnson v. Buckhaults*, 77 Ala. 276; *Sullivan v. McLaughlin*, 99 Ala. 60.

JOHN W. INZER, and BROOKS & BROOKS, *contra.*— When a condition of the mortgage given to secure the payment of several promissory notes, falling due at different times, authorizes the sale of the mortgaged lands upon default being made in the payment of the promissory notes at maturity, the mortgagor is in default as soon as he fails to pay any one of the notes when they mature, and the mortgagee may then foreclose the mortgage.—*Fulgham v. Morris*, 75 Ala. 245; *McLean v. Presley*, 56 Ala. 211.

BRICKELL, C. J.—Wesley Goodwin and M. D. Goodwin, his wife, on the 8th day of March, 1880, executed to James M. McLaughlin and William S. Foreman, a mortgage conveying lands, which commenced

[Keith *et al.* v. McLaughlin *et al.*]

with the following recital: "That whereas we are indebted to James M. McLaughlin and William S. Foreman, adm'rs of the estate of James Foreman, dec'd, in the sum of one thousand dollars, in two promissory notes, five hundred dollars each, and payable as described in conveyance of this date, being the purchase money for land hereinafter described, and being evidenced by my promissory notes of even date of this instrument, now, therefore, to secure said James M. McLaughlin and William S. Foreman, in the true and prompt payment of the same on the 1st day of October, 1882, we do hereby grant, bargain, sell and convey," followed by a description of the lands.

The condition of the mortgage and the power of sale therein contained are expressed in these words: "If we pay or cause to be paid the above stated sum of money, when the same falls due, then this obligation to be void. But if default be made in the payment of said am't, or any part thereof, then the said James M. McLaughlin and William S. Foreman, are hereby authorized and empowered to take possession of said premises above granted and conveyed, and after giving thirty days notice by written poster, at three public places in said county, of the time and place of sale, to sell the same at public outcry, for cash, in the town of Springville, to the highest bidder, and it is hereby agreed that the said McLaughlin and Foreman can become the purchasers of said lands, in case of a sale under this instrument, and they are the highest bidders for cash, and out of the proceeds to pay first, all expenses and charges of the mortgage. 2nd. All expenses of foreclosing. 3rd. The interest and balance due on the above stated debt, and the remainder to be turned over to the undersigned."

The first of the two notes, for the sum of five hundred dollars, was due and payable on the first October, 1881. The second, for a like sum was due and payable on the first day of October, 1882. Payment of the first note not having been made at maturity, the mortgagees entered and took possession of said lands, and proceeded to foreclose the mortgage by a sale on the 3d day of February, 1882. By agreement of the parties, all other questions arising in the case have been waived, than the single question of the validity of the sale, and it is not assailed

upon any other ground than that it was premature, and of consequence void.

The event upon the happening of which a mortgage may become subject to foreclosure, whether the foreclosure, is to be obtained by the decree of a court of equity, or by the exercise of a power of sale vested in the mortgagee, is the matter of contract between the parties. It is not of necessity the maturity of the debt the mortgage may be intended to secure, and default in its payment, though that is the event usually prescribed in such mortgages. The parties are capable of contracting, and may fix such an event as they may prefer. Whatever may be the event, until its occurrence, there can not be a valid foreclosure by the decree of a court of equity, or by the exercise of a power of sale. When a mortgage debt is payable by instalments, and the condition of the mortgage is general, that if there is a default in the payment of the instalments as they become due and payable, the failure to pay any instalment, is a breach of the condition, and a forfeiture *pro tanto* of the mortgage, entitling the mortgagee to foreclose.—*Fulgham v. Morris*, 75 Ala. 245. And a mortgage for the security of several debts falling due at different times, with a general condition that it is to be void if the debts are paid as they fall due, is construed as providing for several defaults, and the failure to pay any of the debts at the time it becomes payable, is a breach of the condition, operating a forfeiture *pro tanto* and authorizing a foreclosure.—*Mussina v. Bartlett*, 8 Port. 277; *Walker v. Hallett*, 1 Ala. 379; *McLean v. Presley*, 56 Ala. 211.

The condition of a mortgage, like any and all other contracts must be so construed as to effectuate the intention of the parties, and in ascertaining the intention there must be a consideration of all the parts of the instrument. The condition of the present mortgage when read in connection with the recitals of the premises, materially varies from the conditions of the mortgages which were construed in the cases to which we have referred, and manifests clearly that it was the intention of the parties there should not be a forfeiture and foreclosure until the first day of October, 1882. The recitals of the premises, are, first, of an indebtedness aggregating one thousand dollars, the evidence of which was two promissory notes of five hundred dollars each, the first

of which, as now appears from the evidence, was payable on the first day of October, 1881, and the other on the first day of October, 1882. Then follows the recital, which is intended as an expression of the purpose of making, or the consideration of the mortgage. The words are : "Now, therefore, for the purpose of securing the true and prompt payment of the same, on the first day of October, 1882," the lands are conveyed. Though one of the notes matured and became payable on the first day of October, 1881, and payment thereof could from and after that day be enforced by legal remedies, the express condition of the mortgage was not to secure its payment on that day, but of the aggregate of both notes, on the first day of October, 1882. The condition of the mortgage, is, that "if we pay or cause to be paid the above stated sum of money, when the same falls due, then this obligation to be void. But if default is made in the payment of said am't, or any part thereof," then the power of sale may be exercised. Whatever of ambiguity or obscurity there may be in the condition, is removed when it is read in connection with the express declaration of the premises, that the purpose or consideration of the mortgage was security of payment on the first day of October, 1882. This is the law day of the mortgage, the day on which the forfeiture could occur, as is clearly expressed ; and the expression is an exclusion of all right to enforce its security at an earlier day. A cardinal rule in the construction of deeds, and of all other instrument, is, if possible, to give effect and operation to every clause and word. If the construction we have given the mortgage be not adopted—if it were construed as a security for the payment of each note as it becomes due, and default in payment as a forfeiture—the recital in the premises of the purpose of the making, or consideration of the mortgage, would be unmeaning, and of no force. We are of the opinion the sale was premature, incapable of barring or cutting off the equity of redemption, and that the complainants are entitled to be let in to redeem.

The decree must be reversed, and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.