# Ford *v.* Lewis.

## *Unlawful Detainer.*

(Decided April 28th, 1906. 41 So. Rep. 144.)

1. *Mortgages; Foreclosure; Maturity of Debt; Nonpayment.*—The mortgage provided for a sale of the property therein conveyed, in case of failure to pay the indebtedness secured, or any part thereof; Held, it authorized a sale on default as to any one of the notes which default operated as a forfeiture *pro tanto.*

2. *Same; Balance of Debt; Maturity.*—When the debt secured by the mortgage is payable in installments, and there was no provision in the mortgage making all the installments fall due upon default as to one, default in one did not operate to make all due.

3. *Same; Power of Sale; Subsequent Sales.*—The mortgage provided for a sale in case of failure to pay the secured debt, or any part thereof, when due; it contained no power of sale from time to time as the installments of the secured debt fell due, and no authority to make more than one sale; Held, a sale for non-payment of a previous installment extinguished the power of sale as to any other installments, but the mortgagee was entitled to retain enough of the proceeds to satisfy the balance of the secured debt.

4. *Forcible Entry and Detainer; Mortgages; Redemption; Rights of Creditors.*—Under Sec. 3513, Code 1896, a judgment creditor of the mortgagor, who has complied with the requirements of Sections 3507 and 3510, Code 1896, is entitled to bring unlawful detainer for the land sold under the foreclosure of the mortgage.

[Ford v. Lewis.]

APPEAL from Marion Circuit Court.

Heard before HON. E. B. ALMON.

Action of unlawful detainer originating in the justice court. Ford recovered of Mixon several judgments amounting to $173.00 and the cost of each judgment and procured the same to be recorded in the office of the judge of probate of Marion county. Prior to the rendition of the judgment against Mixon, Mixon executed to Lewis a mortgage to secure certain indebtedness and as an evidence of the indebtedness, executed several promissory notes. The mortgage provided that should Mixon fail to pay any one of the notes at the time of maturity, the appellee had the right to advertise and sell the lands for the payment of the notes due. Three of the notes having not been paid, Lewis sold the land under his mortgage and became the purchaser for the sum of $25.00 and executed a deed to himself as an individual. Ford tendered to Lewis the amount of his bid with ten per centum per annum and all the lawful charges thereon, and demanded possession of the premises sold under the mortgage, which was refused by Lewis, whereupon this suit was brought.

WALTER NESMITH, for appellant.—Mixon had a right to bring this suit under Sec. 3513 of the code. The judgment creditor or mortgagor offering to redeem from a mortgagee who purchases at his own foreclosure sale, is not required to tender the unpaid balance of the mortgage as a condition precedent to effectuate his right of redemption.—*First Nat'l Bank of Anniston v. Elliott*, 125 Ala. 646. The case of *Keith v. McLaughlin*, 105 Ala. 339 is not applicable here, the mortgages in the two cases being different. Lewis is estopped from denying the sale under the mortgage.—Greenleaf's Evidence, (14th Ed.) No. 27, 276; *Field v. Killon*, 129 Ala. 373; 77 Ala. 165.

C. E. MITCHELL and J. T. JOHNSON, for appellee.—No estoppel is created by void deed.—*McIntosh v. Parker*, 82 Ala. 238; *Moses v. McClain*, 82 Ala. 370. Payment of the mortgage debt is a condition precedent to redemption.—*Harris v. Miller*, 71 Ala. 26; *Gildon v. Andrews*, 14 Ala. 733. The appellee could require the unpaid bal-

ance of the mortgage debt as a lawful charge.—*Lehman v. Collins,* 69 Ala. 127; *Griggs v. Banks,* 59 Ala. 311. The appellant was not entitled to maintain this suit.— *Keith v. McLaughlin,* 105 Ala. 339.

HARALSON, J.—The mortgage in the case at bar is unlike the one in the case of *Keith v. McLaughlin,* 105 Ala. 342, 16 South. 886, as the mortgage in that case provided that there should not be a foreclosure and forfeiture until October 1st, 1882, the date of maturity of the last payment. The mortgage in the case at bar provides for a sale in case the mortgagor failed to pay the secured indebtedness or *any part* thereof *when due,* thus authorizing a sale upon default of any one of the notes, which said default would operate as a forfeiture *pro tanto.*—*Fulgham v. Morris,* 75 Ala. 245; *McLean v. Pressly,* 56 Ala. 211.

The promise in the mortgage was to pay in installments and when the mortgagor failed to pay either of the notes at maturity, he committed a breach of the contract and the mortgagee was authorized to take possession and sell. But the failure to pay one of the notes did not make the other fall due in the absence of a provision in the contract to that effect. The mortgage contains no power to sell from time to time, as the indebtedness may mature, or to make more than one sale, and, as the first one that was made was authorized, the second one was invalid. It has been held by this court that if the sale is made upon default of one instrument the mortgagee may retain enough of the proceeds to satisfy the others but he cannot make more than one sale of the property unless specially authorized to do so.—*McLean v. Pressly, supra.* The trial court, therefore, erred in allowing the defendant to prove the second sale.

The plaintiff having complied with the statute, §§ 3507 and 3510 of the code of 1896, was authorized under § 3513 of the code of 1896 to bring this action.—*First National Bank of Anniston v. Elliott,* 125 Ala. 646, 27 South. 47, L. R. A. 742, 82 Am. St. Rep. 268.

The trial court erred in giving the general affirmative

[Anthony, *et al.* v. Seed.]

charge for the defendant, and should have given the one requested by the plaintiff.

Reversed and remanded.

DOWDELL, ANDERSON and DENSON, JJ., concur.