(86 South. 39)

**RANDOLPH et al. v. BRADFORD et al.**
**(8 Div. 217.)**

(Supreme Court of Alabama. June 17, 1920.)

**1. Mortgages ⬠605 — Complainant enforcing equity of redemption need not tender amount due mortgagee.**

A complainant, enforcing an equity of redemption rather than the statutory right, is not required to tender the amount due the mortgagee, or to make the tender good by payment of the amount due into court, but need only aver his readiness and offer to pay such amount as the court finds just and proper.

**2. Mortgages ⬠605—One seeking statutory redemption must show tender of amount required by statute.**

To effectuate a statutory redemption, the redemptioner must not only show tender of the amount required by statute, or a good excuse for failure to do so, but must accompany his bill to redeem by the payment of the money into court, with an offer to abide by its decree.

**3. Mortgages ⬠591(1)—No statutory right of redemption until after foreclosure.**

Of necessity the statutory right of redemption is nonexistent until the equity of redemption is extinguished by an effectual foreclosure.

**4. Mortgages ⬠345, 353, 599(1)—Sale under mortgage before maturity of debt does not foreclose equity of redemption.**

A sale under the terms of a mortgage before maturity of the debt is ineffectual to foreclose the equity of redemption, and so is a sale without the required notice, and in such case the mortgagor, if an adult under no disability, may exercise his equity of redemption within 10 years after the ineffectual foreclosure, and within the time prescribed by law minors and others under disability may exercise the right.

**5. Mortgages ⬠105—Mortgage and deed containing mortgagee's independent obligation to be construed with reference to each other.**

Under a bill in the alternative to enforce the equitable right of redemption or to disaffirm an irregular sale under a mortgage and redeem, averring the mortgagee's independent obligation incorporated in his deed to the mortgagor to clear the land of an indicated mortgage, and that such deed was of record in the probate office on the date respondent acquired the note and mortgage by purchase, the deed, containing the condition, and the mortgage and notes, evidencing the mortgagor's purchase and securing the purchase price, are to be construed with reference to each other.

**6. Mortgages ⬠335—No right to foreclosure until fulfillment of condition in mortgagee's deed to mortgagor.**

Neither the mortgagee nor his assignee could foreclose until the notes matured and the fulfillment of the condition in the mortgagee's deed to the mortgagor to clear the land from an existing mortgage when the mortgagor's last payment of price was made and to warrant a title against such mortgage.

**7. Mortgages ⬠616—Alternative bill to redeem held not to show premature foreclosure.**

A bill to redeem a foreclosed equity, not averring that mortgagee or his assignee had failed to discharge an existing incumbrance on the land, as agreed to be done by mortgagee in his deed to the mortgagor when the last payment on the price was made, or that only one of the purchase-money notes had matured and was paid at the time of the attempted foreclosure, did not show a premature foreclosure, ineffectual to cut off the equity of redemption.

**8. Mortgages ⬠605—Tender of amount due before alternative bill to redeem under sufficient averments held not required.**

An amended bill to redeem a foreclosed equity, averring that the mortgagee in his deed to complainant was to clear an existing mortgage on the land, but not specifically averring a failure to do so, but that his assignee, claiming to have acquired the complainant's note and mortgage, pretended to advertise and sell under the mortgage power and to have purchased at the sale, and he demanded possession, which was surrendered, and that the land was not duly advertised, if sufficient to entitle complainant to a redemption, did not require a tender of the amount due before the bill was filed, or a deposit thereof, with interest and other lawful charges, with the register of the court when the bill was filed.

**9. Mortgages ⬠616—Alternative bill to redeem construed as if there was default at time of foreclosure.**

An amended bill to redeem an ineffectually foreclosed equity, averring a purchase by complainant from the mortgagee, whose deed obligated him to clear an existing mortgage on the land when the last payment of price was made, that the complainant gave a mortgage and notes securing the balance of the purchase price, that they were acquired by mortgagee's assignee at a date not averred, and that he attempted to foreclose under the mortgage power of sale, but not averring that the first installment was paid when due, or that no amount was due on the mortgage, would be treated, on demurrer, as if there was a default at the time of the foreclosure.

**10. Pleading ⬠8(7)—Averment that land was not advertised according to mortgage terms held a conclusion of law.**

A bill to redeem a foreclosed equity must fall on the averment of notice that the mort-

gagee pretended to advertise and sell the land under the mortgage terms, but did not duly advertise the sale, but not specifically averring the defects, and not making the mortgage an exhibit, or averring such terms, was merely a conclusion of the pleader, though he averred that he was not in possession of the mortgage and did not know its terms, but believed that the sale was not duly advertised, especially where he did not pray discovery of the terms of the mortgage, if it was not of record.

**11. Equity ⬥ 153—Pleadings in equity are taken against the pleader.**

Pleadings are taken against the pleader in equity as at law; that is, the equity of the bill will be considered from the facts as the plaintiff presents them, and no advantage to him can be claimed from vague and indefinite allegations in his bill.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Bill by D. C. Randolph and others against J. M. Bradford and L. J. Byars for equitable redemption or statutory redemption, to disaffirm an attempted sale under mortgage, and to correct certain descriptions. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

Sample & Kilpatrick, of Cullman, for appellants.

Where equitable redemption is sought, all that is necessary is to aver a readiness and willingness to pay what the court finds due. 84 Ala. 302, 4 South. 270; 114 Ala. 54, 21 South. 470. A sale without notice, as required by the terms of the mortgage, is void, and a bill to redeem would not be barred under 10 years. 62 Ala. 489; 79 Ala. 433; 130 Ala. 215, 30 South. 420. A sale before the maturity of the debt cannot bar or cut off the equitable redemption. 105 Ala. 339, 16 South. 886. The mortgagor may disaffirm in two years. 83 Ala. 120, 3 South. 309; 185 Ala. 109, 64 South. 583; 187 Ala. 181, 65 South. 364. Under the allegations of the bill, complainant was not required to make tender or to pay the money into court. 180 Ala. 143, 60 South. 799; 187 Ala. 181, 65 South. 364. Counsel discuss other assignments of error, but without further citations of authority.

G. O. Chenault, of Albany, for appellees.

The bill was multifarious. 127 Ala. 221, 28 South. 564; 149 Ala. 76, 43 South. 352; Id. 494, 42 South. 821; 68 Ala. 117; 3 Mayfield's Digest, 288–291. The bill is not sufficient to authorize complainant to litigate the value of permanent improvements. Sections 5757 and 5758, Code 1907. Redemption from mortgage sales is a creature of the statute, and the statutory requirements must be followed. Sections 5747, 5748, 5750, and 5751, Code 1907. The facts alleged show that Bradford was not a mortgagee in possession,

and hence not chargeable with waste. 70 Ala. 61; 73 Ala. 127; 180 Ala. 147, 60 South. 799. The complainant at least should pay into court the amount of the mortgage debt. 142 Ala. 90, 38 South. 761; 160 Ala. 523, 49 South. 334.

THOMAS, J. The bill was filed in the alternative to enforce the equitable right of redemption or to disaffirm an irregular sale under a mortgage and redeem. Wootten v. Vaughn, 202 Ala. 684, 81 South. 661.

[1-3] A complainant enforcing an equity of redemption, rather than the statutory right, is not required to tender the amount due the mortgagee, or to make the tender good by payment of the amount due into court. It is only necessary to aver his readiness, willingness, and offer to pay such amount as the court finds just and proper. Hale v. Kinnaird, 200 Ala. 596, 76 South. 954, 958; Whiteman v. Taber, 83 South. 595; [1] McGuire v. Van Pelt, 55 Ala. 344; Thomas v. Jones, 84 Ala. 302, 4 South. 270; Murphree v. Summerlin, 114 Ala. 54, 57, 21 South. 470; McCalley v. Otey, 90 Ala. 302, 8 South. 157; Id., 99 Ala. 584, 12 South. 406, 42 Am. St. Rep. 87. On the other hand, to effectuate statutory redemption of real estate, the redemptioner must not only show tender of the amount required by statute, or a good excuse for the failure (Baker v. Burdeshaw, 132 Ala. 166, 31 South. 497), but must accompany his bill to redeem by the payment of the money into court and offer to abide by the decree of the court (Seals v. Rogers, 172 Ala. 651, 653, 55 South. 417; Wootten v. Vaughn, supra; Murphree v. Summerlin, supra). Of necessity, the statutory right of redemption is nonexistent until the equity of redemption is extinguished by an effectual foreclosure. Baker, Lyons & Co. v. Eliasberg, etc., Co., 201 Ala. 591, 79 South. 13; Dinkins v. Latham, 202 Ala. 101, 79 South. 493.

[4] The authorities are to the effect that a sale under the terms of a mortgage before maturity of the debt is ineffectual to foreclose the equity of redemption; so is a sale without giving the required notice. In such case, the mortgagor, if an adult under no disability, may exercise his equity of redemption (Keith v. McLaughlin, 105 Ala. 339, 343, 16 South. 886; Ford v. Lewis, 146 Ala. 190, 41 South. 144; Gernert v. Limbach, 163 Ala. 413, 50 South. 903) within ten years after the ineffectual foreclosure (Elrod v. Smith, 130 Ala. 212, 215, 30 South. 420; Sanders v. Askew, 79 Ala. 433, 435; Wood v. Lake, 62 Ala. 489), and within the time prescribed by law minors and others, under a disability may exercise the right (Dinkins v. Latham, supra).

[5] The instant bill avers an independent obligation on the part of the mortgagee, which was incorporated in his deed to the mort-

gagor, to clear the land of an indicated mortgage. This condition was:

"It is understood and agreed that there is a mortgage on the above lands, in with other lands, for $800, and that said Byars agrees to see that the above land is released from said mortgage when the last payment is made, and to warrant the title against said mortgage to D. C. Randolph."

It is further averred that said deed containing this condition was of record in the probate office on the date respondent Bradford acquired said note and mortgage by the purchase and transfer of the same. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 South. 124, 126. The several instruments—the deed containing the condition and the mortgage and notes evidencing the purchase and the securing of the purchase price—are to be construed with reference to each other. Mobile County v. Linch, 198 Ala. 57, 73 'South. 423, 425; Dadeville Oil Mill v. Hicks, 184 Ala. 367, 371, 63 South. 970; Satterfield v. Fid. Mut. Life Ins. Co., 171 Ala. 429, 434, 55 South. 200; Sewall v. Henry, 9 Ala. 24, 30; Whitehurst v. Boyd, 8 Ala. 375, 381; Holman v. Crane, 16 Ala. 570, 578; Prater v. Darby, 24 Ala. 496; Pierce v. Tidwell, 81 Ala. 299, 304, 2 South. 15.

[6, 7] The mortgagee or his assignee had no right of foreclosure until the notes matured and the condition was fulfilled as to the $800 mortgage embracing—with other lands—the land in question. The mortgagee must discharge his contract obligation and make good his warranty that the premises might be free from all incumbrance—the $800 incumbrance in question. The bill does not aver that respondent had failed to discharge said incumbrance, or that only one of the purchase-money notes had matured and was paid, when the attempted foreclosure was had. With such averments a premature foreclosure would be shown, ineffectual to cut off the equity of redemption, and no tender of the amount due on the mortgage would have been required to be averred and made good. The bill cannot be sustained on such grounds, under its insufficient averments.

[8] The amended bill, after averring the condition of incumbrance of the $800 mortgage, which was to be cleared by the mortgagee and vendor, does not aver in specific terms that the mortgagee failed as to clearing the land of the incumbrance, but avers that Bradford, the assignee of the mortgage, claimed to have acquired complainant's note and mortgage from Byars, and pretended to advertise and sell the lands under the power given in the mortgage, and claimed to have purchased at said sale, demanding possession of the land as purchaser, and it was surrendered; and it is charged "that said land was not advertised as required, and in accordance with the terms and provisions of said mortgage that said Bradford took possession of said land on or about December 20, 1917, and has been in actual possession" of the same subsequent to said date, having cultivated it, collecting rents therefrom, and cutting and removing large quantities of timber therefrom. Thus is sought to be charged the failure of due notice, and an ineffectual foreclosure to cut off the equity of redemption. Under this phase of the bill, if sufficiently averred, tender of the amount due need not have been made before the bill was filed, nor was a deposit required of such amount as is due on the mortgage, with interest and other lawful charges, to be deposited with the register of the court when the bill was filed. Wootten v. Vaughn, supra.

Were complainant proceeding under the statutory right of redemption, and relief awarded under the general prayer, sufficient reason is averred to relieve him of tender or of paying the amount due into court. Whiteman v. Taber, supra; Johnson v. Davis, 180 Ala. 143, 60 South. 799; Dozier v. Farrior, 187 Ala. 181, 65 South. 364. The demand for a statement of the amount due, it is averred, was denied by respondent's demanding a sum wholly disproportionate to the amount of the mortgage debt, interest, and statutory charges, and by his refusal to accept the amount of $761, averred to be due on September 7, 1918.

[9] The bill as last amended prayed that the deed executed by the original vendor, J. L. Byars, to complainant, be reformed so as to correctly describe the designated portion of the lands conveyed, and that the said J. L. Byars "be required to have said land conveyed by him in said deed released from the $800 mortgage mentioned and referred to in said deed, and that all such other further and additional decrees be rendered as may be necessary to clear the land from said incumbrance in said deed." The conveyance that contained the condition as to the $800 incumbrance was exhibited and shown to be executed by L. J. Byars and wife, Pattie Byars, and the said L. J. Byars and the assignee of the mortgage (from said Byars), J. M. Bradford, were made parties respondent. When the whole bill and its exhibits are looked to, it is evident that the complainant is averred to have purchased the land from L. J. Byars, and not J. L. Byars. The inversion of the initials is self-evident. Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74, 78. That is, that the deed with the condition in question was given by L. J. Byars and wife to complainant, and that it misdescribed a portion of the property as specifically indicated; that the vendee gave the vendor Byars' notes and a mortgage to secure the balance of the purchase price, that the same were acquired by J. M. Bradford, but the date of its purchase is not averred; that "on or about December, 1917," the said Bradford attempted to foreclose the

mortgage by execution of the power of sale therein contained.

In view of the failure of averment that the first installment was paid when due, October 27, 1917, or that no amount was due on the mortgage at the time of the attempted foreclosure, on demurrer the bill is treated as if there was default at the time of the foreclosure. Such bills should be definite in averment of facts necessary to the relief prayed. Conner v. Smith, 74 Ala. 115, 118; McDonald v. Insurance Co., 56 Ala. 468; Rainey v. McQueen, 121 Ala. 191, 194, 25 South. 920; Gerson v. Davis, 143 Ala. 381, 389, 39 South. 198. So of the averments as to respondent Bradford's purchase at the mortgage sale, in the absence of averment as to provisions of the mortgage relative to mortgagee's right to purchase at his foreclosure sale, it is to be taken (on demurrer) that such authority was granted by the mortgage.

[10, 11] The bill for redemption of the unforeclosed equity must stand or fall on the averment of notice that "said Byars pretended to advertise and sell said land under the power given in said mortgage," and "that said land was not advertised as required in accordance with the terms and provisions of said mortgage." The manner of the failure of compliance with the contract terms of the mortgage as to notice is not averred. The mortgage was not made an exhibit, nor are its terms and provisions averred as to its powers of sale, provisions for notice, and mortgagee's right to purchase at a foreclosure sale thereunder. The averment of mortgagee's failure as to the notice given, or the lack of it, was a conclusion of the pleader. This insufficiency of averment of material facts was challenged by demurrer. The averment that complainant was not in possession of the mortgage, did not know its terms and conditions, but was advised and believed, and upon such information and belief states, that said land was not advertised as required in accordance with the terms and provisions of the mortgage, does not relieve the pleader. Rainey v. McQueen, supra; 27 Cyc. § 6, p. 1853. He should have prayed a discovery of its terms, if the mortgage was not of record, and he knew not its terms. For aught that appears, the mortgage was of record, and complainant failed to acquaint himself with its terms; and the nature of the failure of the advertisement given for the sale in the foreclosure in question is not averred, though such fact may have been well known to the pleader. Pleadings are taken against the pleader in equity, as at law. Strickland v. Gay, 104 Ala. 375, 16 South. 77; Lewis v. Mohr, 97 Ala. 366, 11 South. 765; Stubbs v. Leavitt, 30 Ala. 352; Lockard v. Lockard, 16 Ala. 423. That is, the equity of a bill will be considered from the facts as the plaintiffs present them (Smith v. Teague,

119 Ala. 385, 24 South. 4), and no advantage to the complainant can be claimed from vague and indefinite allegations in his bill (Underhill v. Mobile, etc., Ins. Co., 67 Ala. 45). The bill should sufficiently inform the court of its equity, that proper judgments may be entered in event of a decree pro confesso or on demurrer.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.