# Robinson *v.* Cahalan.

*Statutory Action in nature of Ejectment.*

1. *Patent as evidence.*—Under statutory provisions (Code, § 2781), a patent for land, whether issued by the United States or any one of the States, must be received in evidence without further proof.

2. *Recorded deed as evidence.*—A deed which has been recorded within the time allowed by law (Code, § 1798; Sess. Acts 1888-9, p. 41), is self-proving, or admissible as evidence without proof of execution.

3. *Assignment of mortgage.*—An assignment of a mortgage on lands, containing no words of grant, does not devest the legal title out of the mortgagee.

4. *Sale under power in mortgage.*—When a person claims as purchaser at a sale under a power in a mortgage, and his deed only recites that the lands "were sold under and by virtue of said mortgage," he must show that the sale was made in compliance with the terms of the power; but the deed, though defective as an execution of the power, may operate to pass the legal title of the mortgagee, if properly executed, and containing apt words of conveyance.

5. *Execution of deed by bank president.*—A deed which purports to be signed by a bank by its president, with the corporate seal attached, and which recites that he was "thereunto duly authorized and empowered," is *prima facie* a conveyance of the bank's title, and casts on the opposing party the burden of proving that the president was not authorized to convey.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by J. J. Cahalan, against W. J. Robinson, to recover the possession of a quarter-section of

land, and was commenced on the 25th January, 1889. The plaintiff deraigned title to the land as follows: (1) a patent from the United States to John Hayes; (2) a mortgage executed by said Hayes and wife to the Jefferson County Savings Bank, which was dated February 6th, 1886, acknowledged by the grantor and his wife on the day of its date, and duly recorded two days afterwards; and (3) a conveyance from said bank to himself as the purchaser at a sale under the power. The defendant objected to the admission of the patent as evidence, "because there was no proof of its execution;" which objection was overruled, and he excepted. Indorsed on the mortgage was an assignment, dated February 21st, 1887, which purported to be signed by the bank, by its cashier, and was in these words: "For and in consideration of the sum of $200.60, we hereby transfer the within deed of trust, or mortgage, to Mrs. Mary A. Morrow, wife of John C. Morrow, without recourse on us." The defendant objected to the admission of the mortgage as evidence, on these grounds: (1) "because its execution was not proved;" (2) "because it was not shown that said bank was authorized to take conveyances of real estate, by mortgage or otherwise;" and (3) because the indorsement showed that the mortgage had been transferred to Mrs. Morrow, and it was not shown that she was connected with this suit." The court overruled the objections, and admitted the mortgage as evidence; and the defendant excepted. The deed from the bank to the plaintiff, which was dated January 23, 1889, and a quit-claim in form, only recited the execution of the mortgage, its transfer to Mrs. Morrow, and that "said lands were sold, under and by virtue of said mortgage, on the 22d day of October, 1888, and purchased by J. J. Cahalan." The defendant objected to the admission of this deed as evidence, (1) because there was no proof of its execution; (2) because the evidence showed that the mortgage had been transferred to Mrs. Morrow nearly two years before the date of the deed; (3) because it was not shown that the sale was made in compliance with the terms of the power; (4) because it was not shown that C. F. Enlen, who was admitted to be the president of the bank at the time, had authority to execute said deed in its name; and (5) because there was no evidence that said bank had authority to hold or convey real estate. The court overruled these several objections, and admitted the deed, and the defendant excepted. This being all the evidence, except as to the rental value of the land, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error, with the several rulings on the evidence.

LANE & WHITE, for appellant, cited *Wood v. Lake*, 62 Ala. 489; *Sanders v. Blackwell*, 86 Ala. 246; *Taylor v. A. & M. Asso.*, 68 Ala. 229; *Standifer v. Swann*, 88 Ala. 88.

W. D. BULGER, *contra*, cited Code, §§ 1798, 2781; *Railroad Co. v. Lancaster*, 62 Ala. 555; *McCullough v. Insurance Co.*, 46 Ala. 376; *Trustees v. Moody*, 62 Ala. 389; 45 Ala. 237.

STONE, C. J.—There was no error in admitting the patent to Hayes in evidence, without proof of its execution.—Code, § 2781; *Hines v. Greenlee*, 3 Ala. 73; *Bates v. Herron*, 35 Ala. 117. Neither was there error in receiving the mortgage in evidence, without proof of its execution. It was duly acknowledged, certified and recorded within the statutory limit, and thereby became self-proving.—Code, § 1798, and note. It is thus shown that the Savings Bank proved a title in itself, which, if not devested, would maintain ejectment. 3 Brick. Dig. 324, § 19. The indorsement of the mortgage to Mrs. Morrow, containing no words of grant, did not devest the legal title out of the Savings Bank.—*Sanders v. Cassady*, 86 Ala. 246. We have thus shown, that, unless the paper purporting to be a deed from the Jefferson County Savings Bank to Cahalan conveyed the legal title, plaintiff has shown no right to recover in an action at law.

The mortgage from Hayes to the Savings Bank contains a power of sale on thirty days published notice, if the mortgagor made default in paying the debt secured. The mortgage bears date in February, 1886. The instrument, which it is claimed conveys title to Cahalan, is dated in January, 1889, near two years after the indorsement of the mortgage to Mrs. Morrow. It is in form a quit-claim deed, purporting to convey the lands in controversy. It recites the making of the mortgage, its transfer to Mrs. Morrow, and states that "said lands were sold under and by virtue of said mortgage, on the twenty-second day of October, A. D. 1888, and purchased by J. J. Cahalan." It names the Jefferson County Savings Bank as the grantor, and Cahalan as the grantee. Its concluding clause is: "In witness whereof, the said Jefferson County Savings Bank has caused its corporate seal to be hereto affixed, and its name to be hereto subscribed by its president, who has been thereunto duly authorized and empowered. This 23d day of January, A. D. 1889." Signed, "Jefferson County Savings Bank, Birmingham, Alabama, by Christian F. Enslen, President." The seal, if one was attached, is not noticed in the transcript. The bill of exceptions contains all the evidence.

The bill of exceptions fails to show that the sale was adver-

31

tised, whether it was a public or private sale, by whom it was made, or the price at which the land was purchased. And the deed neither avers nor recites either of these things. The record is fatally defective in not showing enough to make the alleged sale a valid foreclosure of the mortgage.— *Wood v. Lake,* 62 Ala. 489. Possibly, this proof could have been supplied, but it is not in the record. We feel constrained to hold that, as a purchaser at foreclosure sale, Cahalan has failed to make out his case. Has he shown a right to recover as the owner of the mortgage title?

Up to the making of the alleged deed of January, 1889, the Jefferson County Savings Bank had a title as mortgagee, which would maintain ejectment against Hayes, the mortgagor. It was also a sufficient title to recover from any one who was in by no better title than Hayes could convey. No testimony was offered as to the nature of Robinson's claim, if he had any. The mortgage claim of the Savings Bank, being a legal title as against Hayes and those claiming under him, was vendible, and could be granted and conveyed by it, if proper words of conveyance were employed; and its grantee would thereby become clothed with all the legal rights the mortgage secured to the Savings Bank. The deed to Cahalan of January, 1889, if properly executed by and in the name of the Savings Bank, was and is otherwise sufficient to vest the mortgage title in Cahalan. Is it shown to be the proper deed of the Savings Bank?

As we have shown, the deed offered and received in evidence purports to have been signed by the president of the bank, with the corporate seal attached; and the conveyance affirms that the president had been "thereunto duly authorized and empowered." This was *prima facie* a conveyance of the title, and cast on the defendant the burden of proving a want of authority in the president to convey.—*Burrill v. Nahant Bank,* 2 Metc. (Mass.) 163; s. c., 35 Amer. Dec. 395; 4 Amer. & Eng. Encyc. of Law, 238, n. 4.

The Circuit Court did not err in receiving the deed in evidence, nor in the charge given to the jury. The plaintiff had shown a *prima facie* right to recover.

Affirmed.