JOHN EVANS CORNELL

*v.*

GEORGE NEWKIRK *et al.*

*Filed at Ottawa, January 19, 1893.*

1. MORTGAGE WITH POWER OF SALE — *publication of notice — statutory requirements.* The statute (R. S., chap. 95, sec. 14) requiring notice of sale under a power in mortgages and deeds of trust, to be published once in each week for four successive weeks, controls the mortgagee in giving notice, although the mortgagor may have provided for a different notice by the terms of the mortgage.

2. A mortgage, to secure a debt, provided for a sale in default of payment, after the publication of thirty days' notice thereof in a newspaper, etc. The statute in force at the time of the sale required the notice should be given by publication once in each week for four successive weeks. The notice of the sale was published thirty days before the sale, but only once. *Held,* that while the provision of the statute was not complied with, the failure to comply with the statute did not render the sale void, but only voidable.

3. SAME — *legislative power to require notice.* In the absence of any statute on the subject, the mortgagee could only be required to give such notice of a sale, on default of payment, as may be prescribed by the terms of the mortgage. But the legislature has the right to determine by statute that mortgaged lands shall not be sold by a mortgagee or trustee in any case, unless a decree of sale shall be entered in some competent court, and having such power it may authorize a sale without a decree,

16—144 ILL.

upon such terms and conditions and upon such notice as it may deem best. And such statutory regulation of sales and powers will control the stipulations of the parties.

4. SAME — *irregularity of sale thereunder — right of mortgagor to affirm or avoid sale.* Where an irregularity occurs in the sale of mortgaged premises under a power in a mortgage or deed of trust, which does not render the proceeding void, but only voidable, the mortgagor will have the right to affirm the sale or set it aside by instituting proceedings for that purpose in apt time.

5. SAME — *defective notice of sale thereunder — laches of mortgagor.* Where land was sold by a trustee under a power of sale upon a defective notice, and the mortgagor abandoned all claim to the premises for over four years and paid no taxes, and finally made a deed without consideration, and the purchaser had made valuable improvements on the property before any bill was filed to set aside the sale, it was held that the *laches* of the mortgagor and his grantee were such as to bar the equitable relief sought.

6. EVIDENCE — *declarations of mortgagor — showing acquiescence in sale under a mortgage.* In such case the declarations of the mortgagor before he made a conveyance of the property, that he claimed no title, and the fact that he executed his deed without consideration, were held proper evidence to be considered in determining the question whether he had acquiesced in the sale.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Mr. F. B. DYCHE, for the appellant:

A sale under a power in a mortgage is void when the notice required by the law is not given. Jones on Mortgages, sec. 1927; *Lawrence* v. *Farmers' Loan and Trust Co.,* 13 N. Y. 200; *Shillaber* v. *Robinson,* 97 U. S. 68; *Bilger* v. *Walker,* 14 Wall. 302; *Thompson* v. *Coms.,* 79 N. Y. 45; *Webb* v. *Hoeffer,* 53 Md. 187; *Denning* v. *Smith,* 3 Johns. Ch. 343; *Lee* v. *Mason,* 10 Mich. 403; *Van Slyke* v. *Sheldon,* 9 Barb. 278; *Sherwood* v. *Reade,* 7 Hill, 431; *Doyle* v. *Howard,* 16 Mich. 261; *Williamson* v. *Doe,* 7 Blackf. 12.

The sale in the attempted foreclosure being void, the mortgagee and his assigns had twenty years in which to redeem.

Jones on Mortgages, secs. 1144, 1145; *Locke* v. *Caldwell*, 91 Ill. 417; *Hallesy* v. *Jackson*, 66 id. 139; *Morgan* v. *Morgan*, 10 Ga. 300; *Moore* v. *Cable*, 1 Johns. Ch. 386; *Slicer* v. *Bank, etc.*, 16 How. 571; *Howland* v. *Shurtleff*, 2 Met. 26; *Robinson* v. *Fife*, 3 Ohio St. 551; *Ayres* v. *White*, 10 Cush. 72.

Mr. JEREMIAH LEAMING, for the appellees:

The sale was not void, but if it was, appellant is barred from redemption by the statute of limitations of ten years. Starr & Curtis' Statutes, chap. 83, secs. 10 and 11.

If the sale and conveyance of July 8, 1886, be voidable on the ground of irregularity, the appellant has been guilty of *laches*, in his application to redeem. He has not been prompt, eager and diligent, but has awaited the changes in the market before taking action. The property has greatly enhanced in value. *Hamilton* v. *Lubukee et al.*, 51 Ill. 415; *Munn* v. *Burges et al.*, 70 id. 604; *Bush* v. *Sherman*, 80 id. 160; *Mc-Hany* v. *Schenck*, 88 id. 357; *Jenkins, assignee*, v. *Pierce*, 98 id. 646; *Hoyt* v. *Pawtucket Institution*, 110 id. 390; *Irish* v. *Antioch College*, 126 id. 481.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by John Evans Cornell against George Newkirk and others, to set aside a mortgage sale of certain lots in Cornell, Cook county, described in the bill, and to redeem the premises from a mortgage. The defendants answered the bill, and replications having been filed to the answers, the cause proceeded to a hearing on the pleadings and evidence, and the court entered a decree dismissing the bill, which, on appeal, was affirmed in the Appellate Court. As to the main facts in the case there is no substantial dispute between the parties. The facts, or those deemed material to a proper understanding of the case, may be briefly stated as follows:

On February 11, 1876, Paul Cornell, being the owner, conveyed by warranty deed, to Edward F. Adams, lots 37 to 39, inclusive, in block 70, lots 18, 19 and 27 to 36, inclusive, in block 71, Cornell, in sections 26 and 35 T. 38 N., R. 14, E. 3d P. M. Adams, to secure the purchase money, at the same time gave back to Cornell a mortgage with power of sale of same date, securing his two notes for $1300 each, with eight per cent annual interest, payable annually, notes payable in one and two years respectively from date, to the order of Cornell. Cornell, by deed of assignment on February 26, 1876, assigned said mortgage and indorsed said notes, and delivered said notes and mortgage to Amos M. Moore. Moore held the notes and mortgage as collateral security for a debt due from Cornell to George Newkirk. Adams paid nothing on the notes, neither interest or principal, nor did he pay any taxes after the execution of the mortgage. On account of Adams' default of payment, on the 4th day of June, 1886, under a power of sale contained in the mortgage, Moore published a notice in the Chicago Daily Evening Journal, a newspaper published in Chicago, that under and by virtue of the power contained in the mortgage, he would, at a place therein specified, on the 8th day of July, 1886, sell the premises at public vendue, for the purpose of paying the mortgage indebtedness. At the time and place stated in the notice, the trustee Moore sold the premises to George Newkirk, for the sum of $4720, the amount due on the notes and mortgage, and upon making the sale, the trustee cancelled the notes and mortgage, and executed and delivered to the purchaser a deed of the premises, which was placed on record July 15, same month sale was made. In 1875, all of the property had been sold for taxes and purchased by Briggs, who obtained a tax deed in 1878. In November, 1878, Briggs conveyed to South Park commissioners, and August 4, 1880, the commissioners conveyed to Newkirk. It also appears that in 1878 Newkirk paid all taxes on the property, including forfeitures from 1873, and since his pur-

chase under the mortgage he has made lasting and valuable improvements.

In 1878 Adams left this State and became a resident of San Francisco, Cal., and, so far as appears, abandoned all claim to the property. On the 23d day of September, 1890, John Evans Cornell obtained a quitclaim deed from Adams which Adams testified was executed without consideration, but the complainant testified that he left one dollar as a consideration with the agent of Adams, to be forwarded to him. After obtaining the deed and on the 23d day of October, 1890, this bill was filed.

It is first insisted by the appellant that the sale under the mortgage was void, on account of the insufficiency of the notice. The clause in the mortgage providing for notice of sale is as follows: "After publishing a notice in a newspaper printed in the city of Chicago, Illinois, thirty days before the day of sale, may sell, etc." The deed executed by the mortgagee contained a recital of the notice conceded to be correct, as follows: "In pursuance of said power of sale, in said mortgage contained and above recited, and of the statute in such case made and provided, I, the undersigned, Amos M. Moore, party of the first part, on the 4th day of June, A. D. 1886, caused due notice to be published in the Chicago Evening Journal, a newspaper published in said city of Chicago, that said premises hereinafter described would, on the 8th day of July, A. D. 1886, at the hour of one o'clock in the afternoon of said day, be sold," etc.

It thus appears that the notice given by the mortgagee complied fully with the requirement contained in the mortgage, but reliance is placed in section 14, chapter 95, of our statute to establish the insufficiency of the notice. The first clause of this section requires at least thirty days' previous notice of such intended sale shall be given whether so specified in the power of sale or not. The second sentence states what shall be sufficient for such notice to contain, and prohibits a sale except in the county in which the premises are situated. The next sentence

is as follows: "The notice shall be given by publication once in each week for four successive weeks, in some newspaper or other paper authorized by law to publish legal notices published in the county or counties where the premises are situated;
*   *   * but in no case shall a notice be given for a shorter time than is required by the mortgage or deed of trust."

We are inclined to the opinion that the statute requiring the notice to be published once in each week, for four successive weeks, should control the mortgagee in giving notice, although the mortgagor had provided for a different notice by the terms of the mortgage. Had there been no statute on the subject the mortgagee could only be required to give such notice of the sale as was prescribed by the terms of the mortgage, but the legislature had the right to determine by statute that mortgaged lands should not be sold by a mortgagee or trustee in any case, unless a decree of sale had been entered in a court of competent jurisdiction, and having this power, the legislature might authorize a sale without a decree upon such terms and conditions and upon such notice being given as in its wisdom it might think for the best interest of all parties concerned. But while the mortgagee was required by the statute to publish a notice of sale for four successive weeks, and while this provision of the statute was not complied with, the failure to give such notice did not render the sale void but only voidable. The main object of a notice was to apprise the public that the property would be sold at a given time and place, so that it might bring a fair price. Here more than thirty days' notice was given and the property was not sacrificed but sold for its full value. All the notice was given that the mortgagor required by his contract should be given. So far as appears he was in no manner injured by the failure of the mortgagee to give the notice required by statute. After the property was sold, the mortgagor had the right to affirm the sale or set it aside by instituting proceedings for that purpose in apt time. Where irregularities in a sale have occurred the

mortgagor, as all the authorities agree, must proceed in apt time; if he is guilty of *laches*, his *laches* will be a bar to relief.

In *Bush* v. *Sherman*, 80 Ill. 160, in discussing this subject the court said: " The principle that lies at the foundation of all the cases in this court upon this subject is, the party who challenges a sale on account of irregularities that may have intervened, must be diligent in discovering that which he alleges will avoid the sale, and diligent in his application for relief."

The principle announced in the *Bush* case has been recognized and approved in many other cases in this court. *Hoyt* v. *Pawtucket Ins. Co.*, 110 Ill. 399 ; *Speck* v. *Pullman Co.*, 121 id. 60; *McHany* v. *Schenk*, 88 id. 365 ; *Fitch* v. *Willard*, 73 id. 107 ; *Estes* v. *Furlong*, 59 id. 302 ; *Hamilton* v. *Lubukee*, 51 id. 420 ; *Sloan* v. *Graham*, 85 id. 30; *Williams* v. *Rhodes*, 81 id. 571 ; *Breit* v. *Yeaton*, 101 id. 242 ; *Munn* v. *Burges*, 70 id. 64; *Dempster* v. *West*, 69 id. 613; *Maher* v. *Farwell*, 97 id. 56 ; *McDonald* v. *Stow*, 109 id. 40 ; *Nichols* v. *Otto*, 132 id. 91.

It will be remembered that the sale in question took place on July 8, 1886, and, so far as appears, the mortgagor Adams never interposed any objection whatever to the sale, he paid no taxes and set up no claim to the property, but the purchaser advanced quite a large sum of money to clear the property of taxes, and made improvements, and made sales of a portion of the lots, relying on the title obtained at the mortgage sale. From July, 1886, to October, 1890, a period of four years and three months, the sale was allowed to stand without objection from any quarter. Not a single word of objection was heard until the property began to increase in value, then the complainant, on September 23, 1890, procured a quitclaim deed from Adams without consideration, and in the month of October following, filed his bill to vacate the sale. These facts, in our opinion, establish such inexcusable *laches* of the mortgagor and his grantee as will preclude a recovery. It may be true that the purchaser under the mortgage sale has no right to inquire

whether the complainant paid an adequate consideration for his deed obtained of Adams. But the declarations of Adams before he executed the deed, that he claimed no title, and the fact that he executed a deed without consideration, are facts proper to be considered in the determination of the question whether he had acquiesced in the sale. We think the judgment of the Appellate Court correct and it will be affirmed.

*Judgment affirmed.*