#### KELLEY REALTY CO. v. McDAVID.
#### (6 Div. 7.)

(Supreme Court of Alabama.   June 12, 1924. Rehearing Denied June 30, 1924.)

**1. Mortgages ⬦369(7)—Presumed omitted insertion of advertisement of sale was other than first and that omission was innocent and did not affect price received.**

Where bill to set aside foreclosure sale alleged it was advertised only three weeks instead of four, as required by mortgage, *held*, that it will be presumed omitted insertion was other than first, that notice was begun thirty days before sale, and that omission was innocent and did not injuriously affect price received.

**2. Mortgages ⬦356—Foreclosure sale after advertisement for three weeks instead of four required by mortgage held voidable and not void.**

Where foreclosure sale was advertised for three weeks instead of four, as required by mortgage, sale was voidable and not void.

**3. Mortgages ⬦369(5) — Where foreclosure sale is voidable, mortgagor must ordinarily avoid it within two years.**

Where foreclosure sale was voidable for irregularity in advertising sale, mortgagor's right to avoid it depends on timeliness of his exercise of such right, and in absence of special and unusual circumstances delay of more than two years bars relief.

**4. Equity ⬦219—Laches raised by demurrer when bar appears prima facie.**

Where bill to set aside foreclosure sale alleged no special circumstances to avoid pre-

sumption of ratification, as case was prima facie within bar of two-year limitations. objection on ground of laches might be taken by demurrer.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by the Kelley Realty Company against E. R. McDavid. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

The bill of complaint was filed on March 27, 1923, by the complainant-mortgagee, to set aside a foreclosure sale of the mortgaged premises, made on July 31, 1918, under the power contained in the mortgage. The mortgage debt was for a loan of $10,000, and the mortgagee was the purchaser for the sum of $6,355.

The mortgage required that the foreclosure sale thereunder should be to the highest bidder for cash, "first giving thirty days' notice of the time, place, and terms of sale by publication once a week for four successive weeks in some newspaper published in said county"

The bill alleges and shows that the foreclosure deed recites a perfect compliance with this provision, but it charges that "the fact is that the advertisement had, upon which said sale was made, appeared in the Spectator three weeks instead of four weeks, and that said advertisement was not and did not cover a period of four successive weeks, as in the mortgage provided, and by operation of law said foreclosure proceeding was invalid and wholly void."

The prayer is that the said foreclosure proceedings be decreed to be void; that the complainant be let in to redeem; that an accounting be had; and for general relief, with an offer to do equity.

The demurrer objects to the bill on the grounds, among others, that: (1) It is without equity; (2) the defective advertisement shown does not render the sale voidable; and (3) if the sale was voidable, complainant's delay in asserting the right is fatal to equitable relief

The trial court sustained the demurrer, as for laches in filing the bill, and the appeal is from that decree.

Roy McCullough, of Birmingham, for appellant.

Complainant's right to redeem is not barred for ten years. Code 1907, § 3091; Fowler v Ala. I. & S. Co.. 164 Ala. 414, 51 South. 393; Gulf Red Cedar Co. v. Crenshaw 138 Ala. 134, 35 South. 50; Chapman v. Lee, 64 Ala. 483; Waller v. Jones, 107 Ala. 331, 18 South. 277; First Nat. Bank. v. Nelson, 106 Ala. 535, 18 South. 154; Liddell v. Carson, 122 Ala. 518, 26 South. 133; 83 Mich. 211, 47 N. W. 100, 10 L. R. A. 511; Speakman v. Vest, 166 Ala. 235, 51 South. 980; Dunham v. Holt, 124 Ala. 185,

27 South. 556; Conner v. Smith, 88 Ala. 300, 7 South. 150; Crocker v. Clements' Adm'r, 23 Ala. 296, 305; Carter's Heirs v. Carter's Adm'r, 53 Ala. 365; James v. James, 55 Ala 525; Coyle v. Wilkins, 57 Ala. 108. The attempted foreclosure is void. Advertising the property for three successive weeks is not a compliance with the mortgage provision for publication once a week for four successive weeks. Sanders v. Askew, 79 Ala. 433; Randolph v. Bradford, 204 Ala. 378, 86 South. 39, Wood v. Lake, 62 Ala. 489; Finalson v. Peterson, 5 N D. 587, 67 N. W. 953, 33 L. R. A. 532, 57 Am. St. Rep. 584; 27 Cyc. 1472; Moore v Dick, 187 Mass. 211, 72 N. E. 967; Eubanks v. Beckton, 158 N. C. 235, 73 S. E. 1009; Shillaber v. Robinson, 97 U. S. 77, 24 L. Ed. 969; Woodruff v. Berry, 40 Ark. 258; Chicago, etc., v. Fosdick, 106 U. S. 71. 27 L. Ed. 56; Bigler v. Walker, 14 Wall, 297, 20 L. Ed. 891. The provisions of the power of sale must be strictly complied with. Lee v. Mason, 10 Mich. 403; Hebert v Bulte, 42 Mich. 489, 4 N. W. 215; Doyle v Howard, 16 Mich. 261; Sherwood v. Reade, 7 Hill. 431; Thompson v. Commissioners, 79 N. Y. 54; Hahn v. Pindell, 1 Bush, 538; Lunsford v Speaks, 112 N C. 608, 17 S. E. 430; Fowler v. Carr, 63 Mo. App. 486; Kennedy v Siemers, 120 Mo. 73, 25 S. W. 512; Springfield v. Donovan, 120 Mo. 423, 25 S. W. 536.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The foreclosure was not absolutely void on account of giving three weeks' notice, instead of four. Summerford v. Hammond, 187 Ala. 244, 65 South. 831. The period in which a foreclosure sale must be disaffirmed is two years. Dozier v. Farrior, 187 Ala. 181, 65 South. 364; Canty v. Bixler, 185 Ala. 109, 64 South. 583; Mason v. Amer. Mtg. Co., 124 Ala. 347, 26 South. 900, Goree v. Clements, 94 Ala. 337, 10 South. 906; Bolling v. Gantt, 93 Ala. 89, 9 South. 604; Ezzell v. Watson, 83 Ala. 120, 3 South. 309; Ponder v. Cheeves, 90 Ala. 117, 7 South. 512, Randolph v. Vails, 180 Ala. 82, 60 South. 159, Baker v. Cunningham, 162 Mo. 134, 62 S. W. 445, 85 Am. St. Rep. 490. Laches may be raised by demurrer. Alexander v. Hill, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55; Lansdale v. Smith, 106 U. S. 391, 1 Sup. Ct. 350, 27 L. Ed. 219.

SOMERVILLE, J [1] As we interpret the allegations of the bill of complaint, the defect in the advertisement of the foreclosure sale consists merely in the omission of one of the four weekly newspaper insertions required by the mortgage to be successively made If material to the determination of the question presented, we would presume that the omitted insertion was other than

the first, and that the notice was begun a full thirty days before the sale. And, if material, we would presume also that the omission complained of was innocently made, and that it did not injuriously affect the market for the land, nor the price for which it was sold.

[2] Complainant's insistence is that the defect in question rendered the foreclosure sale absolutely void, and that he had, therefore, ten years from the sale within which to assert his equity of redemption, as in ordinary cases; and that, even though the defective advertisement rendered the sale voidable only, yet, by analogy to the limitation of ten years at law, his right to avoid the sale would not be barred by laches until the lapse of that period.

In Wood v. Lake, 62 Ala. 489, 491, quoting from Sugden on Powers, 212, it was said:

"The general rule is, that one, *not the owner* [italics supplied], who sells another's lands, must comply substantially with all the directions, stipulations and conditions * * * or the title will not pass. * * * 'If notice is required to be given, the execution of the power will be void if notice be not given accordingly.'"

There was no competent evidence to show that any notice of the sale was given, and Stone, J., observed:

"There was no proof in the present case [ejectment] that the notice required by the mortgage was given. Whether this is fatal to plaintiff's suit, or whether this is a mere informality in the * * * mortgage which the parties to it may waive, and which strangers will not be heard to object to, we need not decide."

The instrument there involved was a deed of trust, and the trustee was a third person.

In Robinson v. Cahalan, 91 Ala. 479, 8 South. 415, the court apparently held that, in the absence of proof of advertisement, the deed to a purchaser at foreclosure sale would not be sufficient to show title; the action being in ejectment.

In Speakman v. Vest, 166 Ala. 235, 240, 51 South. 980, 982, wherein a chattel mortgage was involved, the court said:

"The assignment of error first insisted on is that the plaintiff took some of the mortgaged property, and sold the same under the power in the mortgage, without giving the prescribed notice of sale. If this was the case, the foreclosure would not be valid."

But, further on, the opinion quoted with approval:

"'If the property brings its full value, and the proceeds are properly applied, the sale will not be set aside for defects in the notice, as no one has been injured.' 2 Cobbey on Chattel Mortgages, § 966."

In Summerford v. Hammond, 187 Ala. 244, 65 South. 831, which was a bill to set aside a foreclosure sale, because, among other things, the sale was not advertised for the

211 ALA.—37

full ten days required, but only for nine days, the court said:

"The foreclosure was not absolutely void on account of any one, or of all of the irregularities. At most, the irregularities would authorize only a setting aside of the foreclosure sale, and the allowing of the mortgagor to redeem."

This statement was, it seems, a judicial dictum, as the bill was filed sixteen years after the sale, and was too late whether the sale was regarded as voidable merely, or absolutely void. It appears, therefore, that the exact question here presented has not been decided by this court.

We are convinced, however, that a distinction must be made between cases where there is no sort of compliance with the requirement of advertisement or other notice of the sale, and cases where there is actually given some notice of the nature required, sufficient to give public information of the pendency and date of the sale, though it be ever so defective or incomplete. In the latter class of cases the foreclosure sale will not be void, but voidable only to the election of the mortgagor, properly and seasonably asserted. Cornell v. Newkirk, 144 Ill. 241, 33 N. E. 37. Cases may be found to the contrary, but we prefer to follow the rule as above stated, which gives ample protection to mortgagors where the requirements of the mortgage are not strictly or substantially followed by the mortgagee in the execution of the power of sale.

[3] If, as we hold, the foreclosure sale here in question was not void, but voidable merely, then complainant's right to avoid it and to exercise the right of equitable redemption must depend upon the timeliness of his assertion of that right.

"If a sale under a power is voidable at the election of the mortgagor for some irregularity, such as that the mortgagee purchased without authority that there was an inadequacy in the price obtained, want of sufficient or proper notice, or the like, the mortgagor must institute proceedings for avoidance within apt and reasonable time, or his laches will bar him of relief. * * * Some courts have judicially fixed two years as reasonable time in which the mortgagor must institute proceedings to avoid the mortgage sale for any irregularity therein, and have decided that a longer delay, in the absence of special and equitable circumstances, is such laches as will bar relief." 19 R. C. L. 616, § 433; 92 Am. St. Rep. 592, note.

This is the rule prevailing in this state. Ezzell v. Watson, 83 Ala. 120, 3 South. 309; Alexander v. Hill, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55. As said in the latter case (p. 489 [7 South. 238]):

"The law requires diligence of the mortgagor in the assertion of this right, and, in the absence of special circumstances, holds him to have waived the right, and to have affirmed the sale, unless he elects to the contrary within two years. The whole theory of the limitation,

therefore. rests on the presumption of ratification after the lapse of two years 'in ordinary cases.' In extraordinary cases, cases involving peculiar circumstances, which rebut the presumption, it will not be indulged."

It is true that the cases above cited, and others to the same effect, were dealing with sales sought to be avoided on the ground of the mortgagee's unauthorized purchase at the sale; but the principle is the same for all voidable sales, whatever be the ground for avoidance.

[4] No special or peculiar circumstances being shown to defeat the presumption of ratification, the case made by the bill is prima facie within the bar of the two-year limitation. In such a case the rule is well settled that objection on the ground of laches may be taken by demurrer to the bill. Lovelace v. Hutchinson. 106 Ala. 417. 424, 17 South. 623; Fowler v. Ala., I. & S. Co., 164 Ala. 414 (9), 51 South. 393; 9 Mich. Dig. 694, § 107 (2).

Our conclusion is that the demurrer, as for laches, was properly sustained, and the decree will therefore be affirmed.

The time allowed for amending the bill will be extended to twenty days from the date of the judgment herein.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

SOMERVILLE, J. Counsel refers to the cases of Sanders v. Askew, 79 Ala. 433, and Randolph v. Bradford, 204 Ala. 378, 86 South. 39, as in conflict with our conclusion as stated above.

In Sanders v. Askew no notice at all was given of the mortgage sale, excepting it, of course, from the rule of the instant case.

In Randolph v. Bradford "the bill was filed in the alternative to enforce the equitable right of redemption or to disaffirm an irregular sale under a mortgage and redeem." The record shows that the bill was filed within two years after the irregular foreclosure. The opinion states merely that a sale under the power without giving the required notice "is ineffectual to foreclose the equity of redemption"; and the holding, on demurrer to the bill, was that an allegation that "the said land was not advertised as required in accordance with the terms and provisions of said mortgage" was but a conclusion, and was not sufficient. Randolph v. Bradford, supra, does not conflict with our present holding.

In Elrod v. Smith, 130. Ala. 212, 30 South. 420, the bill was for redemption by a junior mortgagee. It admitted a foreclosure under power of sale, but sought to avoid its effect by alleging (1) that the mortgagee purchased at the sale without authority to do so; and (2) that "no proper notice of the sale was given." "This latter averment," it was said, "is not the equivalent of an averment of no notice for the lack of which the sale would be *invalid* [italics ours]. Wood v. Lake, 62 Ala. 489, Sanders v. Askew 79 Ala. 435." We think that in Elrod v Smith, supra, the court had clearly in mind the distinction between invalidity because of no notice, and voidability because of irregularity in the notice.

In the opinion it was further said:

"The settled rule in this state; in ordinary cases, has fixed as a reasonable time, by analogy to the statute two years. In the absence of special circumstances excusing the delay, a failure to act within that time bars the right, notwithstanding mere irregularities may have existed in the exercise of the power of sale."

This indicates very clearly that the two-year rule was regarded as applicable, not merely to the single irregularity of an unauthorized purchase, but to any irregularity in the exercise of the power, rendering the sale voidable.

We adhere to our conclusion as originally expressed, and the application for rehearing will be overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.