PITTMAN, Judge.
This appeal, transferred to this court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975, concerns the res judicata effect of a judgment condemning a portion of a tract of real property upon a subsequent civil action in tort alleging damage to the remainder of the tract.
In 2003, Hillcrest, Ltd. (“the partnership”), sued the City of Mobile (“the City”) and a number of fictitiously named defendants in the Mobile Circuit Court. In its complaint, the partnership alleged that in 1979 it had purchased a tract of land locafr ed at the corner of Hillcrest Road and Girby Road in Mobile; that the City had thereafter approved development of nearby land and that the resulting development had increased the amount of water flowing onto the tract; that the State of Alabama (“the State”), acting by and through the Alabama Department of Transportation, had condemned a portion of the tract in order to widen Hillcrest Road and to permit the installation of a large drainage ditch to carry surface water; and that the eventual installation of the ditch had prevented ingress to and egress from the tract from its Hillcrest Road frontage. The complaint asserted that the City’s having permitted the nearby development had required the construction of the ditch and had resulted in a diminution of the value of the tract, and the partnership asserted claims of trespass, nuisance, and negligence against the City. The City answered the complaint, asserting, among other things, that the partnership had failed to present its claims in a timely manner,[1] that the partnership had failed to file suit in a timely manner, and that the City was not liable for intentional torts (such as nuisance or trespass) of its agents. The partnership later amended its complaint to assert entitlement to in-junctive relief preventing the City “from discharging storm water onto the [tract] at a rate, velocity, and location other than that would exist naturally” and requiring the City “provide appropriate ingress and egress to the [tract] in the form of bridges.”
In August 2009, the City filed a motion for a summary judgment asserting that the partnership’s claims were barred by the doctrine of res judicata because, the City said, the issue of damage to the remainder of the tract from the loss of ingress and egress had been finally determined in the condemnation action; the City also contended that any other claims against the City had been “abandoned” or were without admissible evidentiary support. The City filed in support of its motion the judgment in the condemnation *254 action, the partnership’s answers to interrogatories, and excerpts from the transcript of a deposition given by the partnership’s representative. The partnership filed a response in opposition to the motion, relying upon its amended complaint and the deposition testimony of the City’s municipal engineer. After a hearing, the trial court entered a summary judgment in favor of the City on all the partnership’s claims, prompting the partnership to appeal.
Our standard of review of summary judgments is well settled:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted).
The record reveals that the tract at issue, as it measured in 1979, was undeveloped land that bordered both Hillcrest Road and Girby Road. When the State planned to widen Hillcrest Road, condemnation proceedings were commenced that resulted in the State’s acquisition of a strip of land taken from the western border of the tract along its Hillcrest Road frontage. It is within that condemned strip that a drainage ditch has been installed that has blocked ingress to and egress from the tract from Hillcrest Road.
To the extent that the partnership has sought a judgment compelling the City to either build bridges over the drainage ditch located within the land taken from the tract by the State or to respond in damages for the taking of the ingress and egress as to the Hillcrest Road frontage, we must agree with the City that the partnership’s claims are barred. Under Alabama law, if there is a partial taking of a tract via eminent domain, “the valuation rule is the difference between the fair market value of the entire property before the taking and the fair market value of the remainder after the taking,” with “fair market value” being “the price the property would bring” when voluntarily offered for sale and purchase “after due consideration of all the elements affecting value.” Ala.Code 1975, §§ 18-1A-I70(b) and 18-1A-172. Specifically, our Supreme Court has held that when property is condemned and the abutting property owner is thereby denied access to a public highway, that circumstance is an element to be considered by the trier of fact “in arriving at just compensation to be awarded the owner of the land.” St. Clair County v. Bukacek, 272 Ala. 323, 330, 131 So.2d 683, 689 (1961). Thus, the jury’s award of $80,000 in damages and compensation in the condemnation action operated as a merger of any claims the partnership might otherwise have asserted by virtue of the loss of access to Hillcrest Road from the tract.
Our conclusion is bolstered by reference to City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676 (1915). In Goo-denrath, a municipal board of commissioners determined that improvements to a municipal thoroughfare by a city had caused the value of a parcel of property along that route to have increased by $37.80, notwithstanding that the improve *255 ments had raised by 11 inches the sidewalk located between the improved road and the building located on the portion of the parcel of property remaining after the taking; however, the owner of the remainder of the parcel later filed an action alleging that the city should respond in damages for having supposedly “renderfed the owner’s storehouse] more difficult of access and entrance[] and greatly diminish[ed] the value of [that] property before making just compensation to [the owner].” 13 Ala.App. at 581-82, 68 So. at 678 (summary of the arguments). Our predecessor court held that the compensation order, which stemmed from an in rem proceeding, completely precluded the owner’s tort claims; that court’s reasoning is instructive here:
“It has become a fundamental principle regarding judgments that an issue once in fact tried and determined or necessarily involved in the issue that was tried and determined before a court of competent jurisdiction is, until reversed or annulled by direct proceeding, conclusive as to both the law and the fact involved in the issue. To what extent, as to the persons so concluded, depends upon the character of the judgment whether it is one in personam or one in rem. Judgments ‘in personam’ are inter partes and though conclusive even against strangers as to the fact of its rendition and the resultant legal consequences are not binding as to the issues involved (the trial of which resulted in the judgment) except upon parties and their privies; while judgments strictly ‘in rem’ are inter omnes by virtue of the power and control of the state over the res and irrevocably determine its status or title against all persons irrespective of whether they had any other than constructive notice of the litigation or whether they were parties in fact or not.
“This rule as to the conclusiveness of judgments applies generally to all varieties of judgments, decrees, or orders made by courts of competent jurisdiction, in all kinds of judicial proceedings, such as, among others, eminent domain proceedings, attachments, garnishment, foreclosure, partition, tax judgments, adjudications in bankruptcy, etc., and to all kinds of courts or legal tribunals, when acting judicially under authority of law and as to matters within their jurisdiction, and to officers and boards of state or municipal officers so acting and under such conditions or circumstances that their decisions have the force and effect of judgments. And it is not the identity of the cause of action which determines the conclusiveness of a former judgment upon a subsequent suit, but merely the identity of the issue involved in the two proceedings....
“We take it therefore to be the general rule, subject to exceptions, that a judgment in rem is conclusive not only as to the matters actually declared and expressly determined, but also with respect to the grounds or facts upon which such judgment is founded.”
13 Ala.App. at 591-97, 68 So. at 680-82 (emphasis added; citations omitted). Because the commissioners had already found that the owner’s parcel in Gooden-rath had not been damaged by the project necessitating the taking, but in fact that it had been benefited thereby, a second action seeking damages based upon a claimed detriment could not properly proceed to a judgment in favor of the owner.
The partnership in this case, noting the general requirements for the issue-preclusion branch of the doctrine of res judicata that were summarized in Dairyland Insurance Co. v. Jackson, 566 So.2d *256 723, 725 (Ala.1990) — namely, identity of issues, actual prior litigation, necessity of resolution of the issue in the prior suit, and identity of parties — claims that res judica-ta cannot apply in this case because, it says, identity of the parties and issues is not present. However, we understand the City’s assertion of res judicata to state a basis for claim preclusion rather than mere issue preclusion. Cf. McNeely v. Spry Funeral Home of Athens, Inc., 724 So.2d 534, 537 n. 1 (Ala.Civ.App.1998) (noting potential ambiguity in the unqualified use of the term “res judicata” and suggesting that “res judicata” is most readily identified with claim preclusion). The claim-preclusion branch of the doctrine of res judicata applies when the following four elements are satisfied: “(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.” Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978).
Having identified the proper preclusion doctrine, we next consider whether the partnership’s arguments have any force. Although the partnership asserts that the State was the partnership’s adversary in the condemnation action, whereas the City is the partnership’s adversary in this case, Wheeler states that under Alabama law, the third element of res judica-ta — “identity of the parties” — “does not require complete identity, but only that the party against whom res judicata is asserted was a party before.” 364 So.2d at 1200 (emphasis added; citing Geer Bros., Inc. v. Crump, 349 So.2d 577 (Ala.1977)). Here, the partnership actively participated in the condemnation action and obtained a judgment in the circuit court that was more favorable to its interests than an earlier probate-court judgment had been; thus, the identity-of-the-parties criterion is satisfied. Similarly, the partnership’s interest in obtaining a larger award of damages and compensation in the condemnation action is parallel to its interest in the tort action against the City in seeking damages and injunctive relief for the same claimed wrong: the loss of access to Hillcrest Road from the tract. As the Court of Appeals stated in Goodenrath, conduct of a sovereign in making private property abutting a street more inaccessible “furnishes a right of action therefor to the owner of such property, unless, of course, the damages have previously been ascertained and paid wider condemnation proceedings.” 13 Ala.App. at 589, 68 So. at 680 (emphasis added). Further, under Robinson v. Holley, 549 So.2d 1, 2 (Ala.1989), the partnership’s assertion, in this action, of a demand for injunctive relief not stated in the condemnation action does not destroy the pre-clusive effect of the condemnation judgment as to any theory that the partnership could have asserted respecting damage to its property interests arising from the State’s taking a portion of the tract for the purpose of constructing a widened road and a drainage ditch.
We thus agree with the City that the summary judgment is due to be affirmed with respect to the partnership’s claims arising out of the tract’s having been “landlocked” as to Hillcrest Road. However, we part company with the City to the extent that it asserts that the summary judgment was correct in all respects. As we have noted, the negligence, nuisance, and trespass claims asserted by the partnership stem not only from the denial of access to Hillcrest Road, but also from claimed intrusions of surface water that predate the condemnation action and the subsequent construction of the drainage ditch. Those theories of recovery against the City were not at issue in the condem *257 nation action, nor has the City indicated that assertion of those theories would have been proper as against the State or the City in the earlier action. Although the City claims in its appellate brief that those theories have been “abandoned” by the partnership, it cites only certain pages of the deposition transcripts the City submitted in support of its summary-judgment motion. A review of those pages does not reveal an overt waiver of any claims by the partnership’s representative; rather, if anything, the deponent asserts that the partnership continues to claim “that the [tract] was made into wetlands because of all the water flowing there.” Thus, neither the doctrine of res judicata nor the principle of waiver can sustain the summary judgment as to the theories of recovery asserted against the City with respect to the City’s responsibility for the invasion of the tract by water because of wrongful conduct in allowing development in the vicinity of the tract, and as to those theories we must reverse the summary judgment and remand the cause.[2]
Based upon the foregoing facts and authorities, the summary judgment is affirmed in part and is reversed in part. The cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P. J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., concurs in part and concurs in the result, with writing.

. Under § 11-47-23, Ala.Code 1975, ”[c]laims for damages [against municipalities] growing out of torts shall be presented within six months from the accrual thereof or shall be barred.”

. In doing so, we express no opinion as to whether the partnership will ultimately be entitled to prevail on those theories of recovery.