PER CURIAM.
On June 19, 2007, and June 20, 2007, Johnny Walker, the mortgagee, and Pat Sanford, individually and in his capacity as the president of Sanford Investments, Inc. (Sanford Investments”), entered into two separate mortgage agreements — one regarding certain real property in St.. Clair County (“the St. Clair property”) and the other regarding certain real property in Talladega County (“the Talladega property”). The mortgage documents were properly recorded. On June 20, 2007, Sanford, individually and in his capacity as president of Sanford Investments, executed two promissory notes, each in the amount of $250,000, in favor of Walker. Over the next several months, Sanford remitted payments to Walker; however, by December 2007, Sanford had ceased making payments.
On March 17,2008, Sanford Investments executed a warranty deed to the St. Clair property in favor of FSRJ Properties, LLC (“FSRJ”), for $300,000.[1] The language of the warranty deed indicates that the St. Clair property was “free from all encumbrances.” The warranty deed reads, in pertinent part:
*972 “And [Sanford Investments] does for itself and for its successors and assigns covenant with [FSRJ], its successors and assigns, that they are [sic] lawfully seized in fee simple of said premises; that they have [sic] a good right to sell and convey the same as aforesaid; that they [sic] will and their successors and assigns shall warrant and defend the same to [FSRJ], its successors and assigns forever against the lawful claims of all persons except as herein stated.”'
The warranty deed was recorded on March 21, 2008.
By letters dated June 3, 2008, and August 20, 2008, Walker informed Sanford that he intended to foreclose on the mortgage to the St. Clair property and the Talladega property unless Sanford or Sanford Investments paid their debt in full and that a title search had revealed that Sanford Investments had sold the St. Clair property to FSRJ without Walker’s written consent as required in the mortgage agreement. Properly noticed foreclosure sales were held, and Walker purchased the St. Clair property and the Talladega property at those sales. The foreclosure deeds were recorded, and Walker leased the St. Clair property to a tenant. In 2009, litigation occurred in the Talladega District and Circuit Courts regarding possession of the Talladega property, which was ultimately awarded to Walker after Sanford was evicted from the Talladega property.
On December 31, 2013, more than five years after Walker purchased the St. Clair property at the foreclosure sale, Sanford, Sanford Investments, and FSRJ filed a complaint in the St. Clair Circuit Court. Sanford, Sanford Investments, and FSRJ requested an order that would void the November 13, 2008, foreclosure deed to the St. Clair property and that would determine the parties’ rights to the St. Clair property, including determining the amount of money owed to Sanford, Sanford Investments, and FSRJ from Walker’s rental income. In the complaint, FSRJ alleged that Sanford and Sanford Investments had executed a mortgage on the St. Clair property in favor of Walker in consideration for a loan in the amount of $250,000; that, after defaulting on the loan, Sanford Investments had executed a warranty deed to convey the St. Clair property to FSRJ; that Walker had foreclosed on the mortgage and purchased the St. Clair property at a foreclosure sale; and that Walker had taken constructive possession of the St. Clair property and leased it to a tenant, from whom he had collected monthly rental payments.
On January 31, 2014, Walker filed a motion to dismiss Sanford, Sanford Investments, and FSRJ’s action. Walker asserted, among other things, that the applicable limitations period for actions to set aside a mortgage foreclosure is two years and that that period had expired before they filed the action. FSRJ filed a response to Walker’s motion to dismiss. FSRJ asserted that the applicable statute-of-limitations period for disputes regarding real property is 10 years. On February 25, 2014, the circuit court entered an order in which it denied Walker’s motion to dismiss.
On February 24, 2014, Walker filed a motion for a summary judgment. Walker argued that he was entitled to a summary judgment based upon the grounds of “res judicata,” “statute of limitations,” or “lack of standing.”[2] On March 3, 2015, FSRJ filed a motion for a summary judgment. FSRJ argued that it was entitled to a *973 summary judgment because the foreclosure deed was void and because the judgment regarding the Talladega property had satisfied the terms of “the Note”; therefore, FSRJ argued, it would be inequitable to award Walker ownership of the St. Clair property.
After hearing arguments of counsel and reviewing the • documentary submissions, the circuit court entered an order on April 15, 2015, in which it granted Walker’s motion for a summary judgment on all the claims, concluding specifically that the claims of FSRJ were “barred by the applicable statute of limitations.” It denied FSRJ’s motion for a summary judgment.
FSRJ filed a notice of appeal to this court that same day.[3] This appeal was transferred by this court to our supreme court for lack of subject-matter jurisdiction, and our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. FSRJ seeks our review of whether the circuit court erred by concluding that the applicable statute-of-limitations period had expired before it filed its complaint, and it requests a determination as to whether it has superior right, title, and interest in the St. Clair property.
“This Court’s standard for reviewing a summary judgment has been stated many times, most recently in Potter v. First Real Estate Co., 844 So.2d 540 (Ala.2002), in which this Court stated:
“ “We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala.2002).
“ ‘ “We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genu,ine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.”
‘“Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 372 [ (Ala.2001) ], quoted in American Liberty Ins. Co., 825 So.2d at 790.’
“844 So.2d at 545.”
Mt. Carmel Estates, Inc. v. Regions Bank, 853 So.2d 160, 164 (Ala.2002).
In his motion for a summary judgment, Walker argued that Kelley Realty Co. v. McDavid, 211 Ala. 575, 577, 100 So. 872, 874 (1924), establishes a two-year statute of limitations for actions to set aside a foreclosure. Actually, Kelley Realty addressed the prescriptive period for a mortgagor to bring an action to set aside a foreclosure sale due to irregularities in the notice of sale. The mortgagor in that case had argued that the mortgagee had failed to properly advertise the foreclosure sale, that that defect rendered the sale absolutely void, and that the mortgagor could redeem the property within 10 years from the date of the sale. Kelley Realty, 211 Ala. at 577, 100 So. at 874. Our supreme court held, however, that the failure to strictly follow the notice provisions of the *974 mortgage rendered the foreclosure sale “voidable only to the election of the mortgagor, properly and seasonably asserted.” Id. Our supreme court adopted the rule from other jurisdictions that, in the absence of special and equitable circumstances, a mortgagor has only two years to commence an action to avoid a defective foreclosure sale or, upon the expiration of that two-year period, the doctrine of laches would bar the claim.[4] Id.
Nevertheless, in the present case, the circuit court entered a summary judgment in favor of Walker on the theory that our supreme court had applied a two-year statute of limitations in Kelley Realty, and FSRJ has acquiesced to that characterization; therefore, we analyze the case accordingly. See Lewis v. Oakley, 847 So.2d 307, 311 (Ala.2002) (appellate court will review case based on legal theories advanced in trial court to which all parties have acquiesced).
FSRJ argues that Kelley Realty should not be followed in this case because, it says, the allegations in its complaint seeking “to void the foreclosure deed,” are not attempts to set aside the foreclosure sale by which Walker obtained title to the St. Clair property. FSRJ contends that it is seeking only a declaratory judgment determining the rights of the parties based on the fact that FSRJ had obtained a warranty deed to the St. Clair property before Walker obtained his foreclosure deed and on the fact that Walker knew about the existence of that warranty deed when he purchased the St. Clair property.
Based on those allegations, FSRJ requested that the circuit court
“declare the rights of the parties with respect to their respective interest in the [St. Clair property], and to order Walker to void the foreclosure deed obtained by him on the [St. Clair property] and refund to [FSRJ] all monies received for rent on this real property from the date of the foreclosure sale to date.”
As grounds for that relief, FSRJ asserted that the promissory note executed by Sanford, individually and in his capacity as president of Sanford Investments, and Walker, upon which the mortgage to the St. Clair property was based, had misrepresented the amount of the loan from Walker, that the note included an unconscionable rate of interest, that Walker had not been entitled to foreclose on the St. Clair property, and that the foreclosure sale was “due to be voided.” FSRJ further claimed that it was the true owner of the St. Clair property by virtue of its warranty deed and that it was entitled to the rents that had been collected by Walker. The ad damnum clause in the complaint states:
‘WHEREFORE, [FSRJ] requests] that the Court enter an order voiding Walker’s foreclosure deed for [the St. Clair property] dated November 13, 2008; that a determination be made as to the monies obtained by Walker from any tenant on [the St. Clair property] from the date of the foreclosure deed obtained by Walker to date; that [FSRJ] be vested with title to the [St. Clair property]; [and] that monies obtained by Walker from any tenant on the [St. Clair property] be awarded as a judgment to [FSRJ].... ”
Contrary to its argument to this court, FSRJ clearly requested in its complaint that the circuit court declare the foreclosure sale void. Because FSRJ is attempting to have the foreclosure sale set *975 aside, FSRJ is in the same position as the mortgagor in Kelley Realty[5] whose equitable claim to void the foreclosure sale had expired two years after the sale. FSRJ cannot circumvent the holding of Kelley Realty by emphasizing the declaratory nature of the relief requested. Therefore, Walker was entitled to a summary judgment on the basis that the two-year limitations period for actions to set aside a foreclosure had expired.
However, Walker was not entitled to a summary judgment on FSRJ’s claim seeking a declaration of the rights of the parties arising from their respective deeds. Nothing in Kelley Realty addresses the limitations period for such an action, and Walker did not specifically move for a summary judgment on that aspect of FSRJ’s complaint. See Ruffin v. General Motors Acceptance Corp., 75 So.3d 660 (Ala.Civ.App.2011) (where employer failed to assert it was entitled to a summary judgment with respect to one aspect of employee’s claim, that part of the claim survived summary judgment). We find § 6-2-33(2), Ala.Code 1975, applicable. That statute provides that actions “for the recovery of lands ... or the possession thereof’ must be commenced within 10 years.
“In the present case the insistence is made that the statute of limitations has application based upon reasoning from the premise that under ordinary circumstances a suit in equity to set aside a conveyance of land for fraud or other cause when the grantee is in possession, or to reform a deed to land when the
grantee is in possession, or to enforce a resulting or constructive trust on it when the grantee is in possession, the statute of ten years applies. Smith v. Hart, 259 Ala. 7, 65 So.2d 501 [ (1953) ]; Glass v. Cook, 257 Ala. 141, 57 So.2d 505 [(1952)]; Knowles v. Canant, 255 Ala. 331, 51 So.2d 355 [ (1951) ]; Barnett v. Waddell, 248 Ala. 189, 27 So.2d 1 [ (1946) ]; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141 [ (1946) ]; Van Antwerp v. Van Antwerp, 242 Ala. 92, 100(25), 5 So.2d 73 [(1941)]; Drummond v. Drummond, 232 Ala. 401, 168 So. 428 [ (1936) ]; Miles v. Rhodes, 222 Ala. 208, 131 So. 633 [(1930)]; Van Ing[e]n v. Duffin, 158 Ala. 318, 48 So. 507 [ (1909) ]; Washington v. Norwood, 128 Ala. 383, 30 So. 405 [ (1901) ]; Stoutz v. Huger, 107 Ala. 248, 18 So. 126 [(1895)];
“In all of the foregoing cases the complainants were seeking to obtain thé immediate possession of the land and could not sue at law because their claim was equitable and not recognized in a court of law, but they came into equity only because their rights were recognized there and not at law. So that it was held in those cases that such a suit was essentially one for the recovery of land in equity rather than at law and, therefore, the statute of limitations was applicable.
“But such reasoning. cannot apply when the complainants are not seeking possession of land, but are seeking only to establish their title so as to enable them to,sue at law for the possession *976 when their possessory right shall come into being.”
Williams v. Kitchens, 261 Ala. 340, 346-47, 74 So.2d 457, 463 (1954). We find Williams instructive, although it was decided before the effective date of the Alabama Rules of Civil Procedure, which merged legal and equitable actions into one “civil action.” See Rule 2, Ala. R. Civ. P.
In this case, each party filed a motion for a summary judgment, which, if granted, would allow the prevailing party to enjoy immediate possession of the St. Clair property. Thus, insofar as the parties sought to litigate possession of the St. Clair property, the action was one to recover or possess land; therefore, the circuit court erred by applying a two-year limitations period to the claims seeking a declaration of the rights of the parties arising from their respective deeds. However, that conclusion does not end our review.
Walker had also argued in his motion that he was entitled to a summary judgment based upon two grounds upon which the circuit court did not rely. FSRJ has not presented an argument on appeal regarding those alternate grounds; however, we must consider the grounds presented to the circuit court to determine whether to affirm the circuit court’s summary judgment in favor of Walker. “[Appellate] review is not limited to the trial court’s reasoning, and we can affirm a summary judgment on any valid legal ground presented by the record, whether that ground was considered by, or even if it was rejected by, the trial court, unless due-process constraints require otherwise.” Wheeler v. George, 39 So.3d 1061, 1083 (Ala.2009)(citing Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003)).
Walker argued to the circuit court that FSRJ had violated the doctrine of res judicata by seeking a declaratory judgment because, in 2009, Walker, Sanford, and Sanford Enterprises had litigated the ownership of the Talladega property. It is undisputed that FSRJ was not a party to that litigation, which involved a separate mortgage and promissory note. See Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978) (holding that one of the essential elements of the doctrine of res judicata is that the “parties to both suits [are] substantially identical”). Even if FSRJ could be considered to have been in privity with Sanford and Sanford Investments, the litigation concerned a different parcel of property to which FSRJ has never claimed an interest. The doctrine of res judicata does not apply to a substantially different suit based on a substantially different cause of action. See Hillcrest, Ltd. v. City of Mobile, 76 So.3d 252 (Ala.Civ.App.2010) (prior judgment in condemnation action did not preclude subsequent action for damages to property not at issue in condemnation action). Therefore, FSRJ’s complaint seeking a declaratory judgment regarding the St. Clair property does not violate the doctrine of res judicata.
Walker also argued to the circuit court that FSRJ lacked capacity to seek a declaratory judgment.
“[Capacity], like jurisdiction, is necessary for any valid legal action. To say that a person has [capacity] is to say that that person is a proper party to bring the action. To be a proper party, the person must have a real, tangible legal interest in the subject matter of the lawsuit.”
Doremus v. Business Council of Alabama Workers’ Comp. Self-Insurers Fund, 686 So.2d 252, 253 (Ala.1996) (bracketed language inserted in place of the term “stand *977 ing,” see note 2 supra). Viewing the allegations most strongly in FSRJ’s favor, we conclude that FSRJ could prove a set of circumstances that would show that Walker had injured FSRJ’s legally protected rights and that FSRJ might be able to show the requisite injury. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1019-20 (Ala.2003).
“If in the end the facts do not support the plaintiffs, or the law does not do so, so be it — but this does not mean the plaintiffs cannot come into court and allege, and attempt to prove, otherwise. If they fail in this endeavor, it is not that they have a ‘standing problem; it is, as Judge Pittman recognized in Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d 15, 27 (Ala.Civ.App.2011)], that they have a ‘cause of action’ problem, or more precisely in these cases, a ‘failure to prove one’s cause of action’ problem.. The trial court has subject-matter jurisdiction to ‘hear’ such ‘problems’ — and the cases in which they arise.”
Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31, 46 (Ala.2013). FSRJ did not lack capacity to seek a declaratory judgment.
We do not reach the issue whether FSRJ had superior right, title, and interest in the St. Clair property. FSRJ has not received an adverse ruling on that issue. “It is only adverse rulings which are subject to assignments of error and which are reviewable on appeal.” McCulloch v. Roberts, 290 Ala. 303, 309, 276 So.2d 425, 430 (1973)(citing Tyson v. United States Pipe & Foundry Co., 286 Ala. 425, 240 So.2d 674 (1970)).
Based upon the foregoing, we affirm the judgment of the circuit court insofar as it held in favor of Walker on FSRJ’s claim seeking to set aside the foreclosure, we reverse the judgment of the circuit court insofar as it held in favor of Walker, on limitations grounds, on FSRJ’s claim, seeking a judgment declaring ■ the parties’ rights to the St. Clair property, and we remand the cause to the circuit court for further proceedings, consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. According to FSRJ, it took the conveyance as security for a loan to Sanford; however, any interest Sanford, individually, had in the St. Clair property was not conveyed -in the warranty deed,

. Although Walker phrased his argument as one of standing, that argument is more accurately identified as one challenging FSRJ’s capacity to sue. See Barber v. Barber ex rel. Barber 185 So.3d 455 (Ala.Civ.App.2015).

. Sanford and Sanford Investments are not parties to this appeal.

. Apparently, that rule rested on the almost universal two-year period for a right of redemption followed in Alabama at the time. See § 10140, Ala.Code 1923. Now, a mortgagor has one year to redeem. § 6-5-248(b), Ala.Code 1975.

. Upon execution of the mortgage to Walker, Sanford and Sanford Investments conveyed legal title to Walker, retaining only an equitable right of redemption.. See Trauner v. Lowrey, 369 So.2d 531, 534 (Ala.1979) (“Execution óf a mortgage passes legal title to the mortgagee. The mortgagor is left with an equity of redemption, but upon- payment of the debt, legal title revests in the mortgagor.” (citations omitted)). The warranty deed transferred that equity of redemption to FSRJ. See Trauner, 369, So.2d at 534.("The equity of redemption may be conveyed by the mortgagor, and his grantee secures only an equity of redemption.”). Thus, FSRJ assumed the same position as a mortgagor. ‘